YARRUT, Judge.
This is an appeal by both Defendants from a solidary judgment against them, awarding Plaintiff $2000 for personal injuries. Plaintiff was injured' when she stepped on the metal cover of a cleanout drain located on a public sidewalk adjoining the property of Leidenheimer Co., causing her right foot to slip into the drain.
We will first consider the liability of Lei-denheimer Co. The Water Board contends the burden was on the property owner to keep the metal drain cover in good repair, citing the Charter of the City of New Orleans, Section 43(m) which provides:
“All paved and unpaved banquettes or sidewalks in the City of New Orleans shall be kept in repair and maintained in good order and condition by the owner of the real properties abutting upon same.”
However, in Toppie v. Arbour La.App., 119 So.2d 621, a similar provision regarding the City of Baton Rouge was interpreted, the court concluding:
“[I]t [the statute] does not expressly relieve the City of its primary obligation to maintain public sidewalks. Neither does the statute state that the obligation therein imposed upon the property owner shall be exclusive of the obligation otherwise imposed upon the municipality. We believe Oct 31 of 1904 is merely legislative recognition of the principle that a municipality may hold an adjoining property owner financially responsible for the costs of repairing and maintaining sidewalks and constitutes nothing more than express authority for the .City of Baton Rouge to apply said principle within the municipality.” (Emphasis added.)
Furthermore, it is well settled that a property owner is not responsible for injuries to persons sustained as a result of a defect in the sidewalk adjoining his property, unless the property owner has actually created or caused the defect involved. St. Paul v. Mackenroth, 246 La. 425, 165 So.2d 273; Arata v. Orleans Capitol Stores, 219 La., 1045, 55 So.2d 239; Toppi. v. Arbour, supra. In the instant, case there is no evidence that. Leidenheimer Co. in any way created or caused the defect 1 in the drain cover.
We must conclude that it was the responsibility of the Sewerage and- Water Board to maintain the drain. Although the Water Board denied it installed the drain, the cover bore the markings “Drain-S&WB-Clean-out.” The record shows that the Water Board periodically cleaned out such drains when it became necessary. Furthermore, according to LSA-R.S. 33:4081 the Water Board has the following power:
“The board shall have authority over the construction of all underground work necessary or incidental to the sewerage and water systems and over all drains, inlets, catch-basins, etc., and overall connections which may be made to such drains by the city or by private persons" (Emphasis added.)
Accordingly, we find there is no liability on the part of Leidenheimer Co.
Next we will consider the Water Board’s contention that because it is a Public Board of the State, performing a governmental duty, it is immune from a suit of this nature. We find no merit in this contention, because the Water Board’s immunity from liability has been waived for all purposes by LSA-Const. 1921, Art. 3, Sec. 35 as amended by Act 621 of 1960. See Warfield v. Fink & McDaniel Plumbing and *61 Heating et al. 204 So.2d 827, decided this day by this Court.
With regard to the liability of the Water Board, assuming arguendo that there was some defect in the metal cover, the record is devoid of any evidence that the Water Board could or should have had any notice of this defect. Nor is there any evidence as to how long the alleged defect had existed. To hold the Water Board liable, even for a patently dangerous defect, it must have had knowledge, either actual or constructive, of the existence of the defect, and failed within a reasonable time to correct it. See Kidder v. City of Opelousas, La.App., 185 So.2d 66; Foster v. Employers Liability Assurance Corporation, Ltd., La.App., 129 So.2d 913; Cobb v. Town of Winnsboro, La.App., 49 So.2d 625.
Consequently, we cannot hold the Water Board liable; therefore the judgment appealed from is reversed; Plaintiff to pay all costs of this appeal.
Judgment reversed.