353 So.2d 439 (1977)
Lester Lee LaCALLE, Jr.
v.
ASHY ENTERPRISES et al.
No. 6171.
Court of Appeal of Louisiana, Third Circuit.
December 20, 1977.
Rehearings Denied January 12, 1978.
Writs Refused February 24, 1978.
*440 Guillory, McGee & Mayeux by A. Frank McGee, Eunice, for defendants-appellants-appellees.
Tate & Tate by Paul C. Tate, Mamou, for plaintiff-appellee-appellant.
Before DOMENGEAUX, WATSON and JOHNSON, JJ.
WATSON, Judge.
Plaintiff, Lester Lee LaCalle, Jr., filed suit against Ashy Enterprises, Ashy-Hutchinson Enterprises, Inc. and L. A. Cummings, defendants, claiming both workmen's compensation benefits and damages in tort. On October 22, 1974, LaCalle was working for Ashy Enterprises, Inc.[1] as a swamper or helper on a bulldozer. When jumping off the bulldozer he broke his left leg and was taken to Cabrini Hospital in Alexandria where Dr. Cayer (now deceased) set the fracture and placed the leg in a cast.
Dr. Cayer referred LaCalle to Dr. J. Frazer Gaar of Opelousas who saw plaintiff some two weeks post-injury and, after taking x-rays, concluded that the fracture was displaced and required surgery. Dr. Gaar operated on plaintiff's leg and inserted a steel rod in the tibia, which was later removed surgically. Dr. Gaar treated plaintiff until his maximum recovery from the leg fracture some 13 months later.
Ashy paid weekly benefits as well as medical expenses through February 18, 1976. Plaintiff was discharged by Dr. Gaar as able to return to work with a 6% permanent disability on February 16, 1976.
Thereafter, plaintiff's attorney referred LaCalle to Dr. William P. Cloyd, a psychiatrist, who examined plaintiff in March, 1976 and found him disabled as a result of a severe anxiety-depressive neurosis precipitated by the injury of October, 1974. Dr. Cloyd reported the disability to plaintiff's attorney, but there is no indication that this information was transmitted to the employer until Dr. Cloyd's deposition was taken on August 13, 1976, with counsel for the employer in attendance.
The employer referred LaCalle to Dr. G. R. Morin, a psychiatrist of Lake Charles, who examined plaintiff on one occasion and testified on direct examination that plaintiff's neurosis was not severe enough to prevent his return to work, but apparently *441 meant that the neurosis after treatment would not be severe enough to prevent plaintiff working. On cross-examination, Dr. Morin stated that, in his opinion, LaCalle could not return to work as of the time of Dr. Morin's examination, but that with treatment he would be able to return to his previous employment (TR. 167-168 and 172).
The claim in tort is based on the fact that the employer, through the company treasurer, one L. A. Cummings, who was also made defendant, committed two acts which plaintiff claims were tortious. First, Cummings wrote a letter on December 5, 1974, to the then counsel for plaintiff which made reference to an alleged drinking problem on the part of plaintiff LaCalle's deceased father. A copy of this letter was sent to LaCalle and allegedly caused him considerable anxiety. Second, Cummings instructed the rental agency, which was supplying a hospital bed, a pair of crutches, and a wheelchair to LaCalle, to remove the items from LaCalle's home.
The defendants filed exceptions of prescription and no right and no cause of action against the tort claim for damages. The exceptions were heard in August, 1976 and were sustained.
Following trial of the compensation claim, a judgment was entered in favor of plaintiff and against Ashy Enterprises, Inc. declaring plaintiff totally and permanently disabled and ordering payment of weekly compensation benefits at the rate of $65 per week beginning October 22, 1974 for a total of five hundred weeks, subject to credit for weekly compensation previously paid. Judgment was also given to plaintiff for penalties in the amount of 12% of all payments more than 60 days overdue and a $3,000 attorney's fee.
The defendant, Ashy Enterprises, Inc., has appealed suspensively from the judgment on the workmen's compensation claim. Plaintiff has appealed devolutively from the judgment maintaining the exceptions to his claim for damages.
Request for Written Opinion
Both counsel filed a request for a written opinion with the trial court. The defendant's request was filed on February 24, 1977, two days after the judgment was signed in the workmen's compensation claim, and defendant filed its appeal the next day. Plaintiff's request for written reasons was filed on March 10, 1977, referring to the judgment on the exceptions which had been signed on February 24, 1977. Plaintiff's appeal was filed four days later on March 24, 1977. No written reasons were handed down at any point by the trial court.
The only previous case in which this question has been before this court is Fontenot v. State Department of Highways, 300 So.2d 864 (La.App. 3 Cir. 1974) in which a request for a remand to require written reasons was denied. The stated basis was that a request had not been made to the trial judge in Fontenot prior to rendition of the decision. While we now doubt the correctness of Fontenot, in the instant case the parties have indicated on appeal that they are not pressing their requests for a written opinion. Therefore, we find it unnecessary to remand for the filing of written reasons for judgment.
Tort Claim
The first issue to be considered on appeal is whether the trial court correctly sustained the exceptions filed against plaintiff's claim in tort. Plaintiff charges defendants with tortious conduct in a letter written in December, 1974 and in the picking up of certain rented equipment in the same month. Suit was not filed until March 24, 1976. Actions resulting from offenses or quasi-offenses prescribe in one year. LSA-C.C. art. 3536. While plaintiff claims that his damages did not manifest themselves until much later, we find no merit to this contention. The exception of prescription was properly maintained and it is unnecessary to consider the exception of no right and no cause of action.
*442 Workmen's Compensation Claim
A. Total and Permanent Disability
LaCalle claims that he is totally and permanently disabled, as a result of a neurosis. His contention is amply supported by the testimony of Drs. Cloyd and Morin, both well qualified psychiatrists. There is no error in the finding of the trial court that plaintiff is totally and permanently disabled. There is no dispute as to the rate, duration of payments, or the other elements which are relevant in a workmen's compensation claim.
B. Penalties and Attorney's Fees
The record does not reflect the precise basis on which the trial court concluded that the employer was arbitrary and capricious in failing to pay weekly compensation benefits. We find that the employer was entitled to discontinue the benefits after receiving the report by Dr. Gaar, LaCalle's attending physician, stating that plaintiff could return to work.
However, on August 13, 1976, when the deposition of Dr. Cloyd was taken, the employer became aware that plaintiff had continued to be disabled. There is no proof in the file that the employer was informed or otherwise became aware of Dr. Cloyd's opinion prior to that time. When apprised of the situation concerning the neurosis found by Dr. Cloyd, the employer was arbitrary and capricious in not resuming, and bringing up to date, payment of weekly benefits to plaintiff. Delahoussaye v. Allen Action Agency, Inc., 300 So.2d 575 (La.App. 3 Cir. 1974).
The employer's refusal to pay weekly benefits was held correctly to be arbitrary, capricious and without probable cause, subjecting employer to payment of penalties and attorney's fees.
"Normally, penalties are computed on the entire amount of weekly compensation awarded, not just the portion of unpaid compensation as to which the defendant was arbitrary, Williams v. Travelers Insurance Co., 157 So.2d 356 (La.App. 3rd Cir. 1963)." Delahoussaye v. Allen Action Agency, Inc., 300 So.2d 575 at 579.
However, the employer is not required to pay penalties on weekly payments which are not more than 60 days overdue and the trial judge correctly included that provision in the judgment.[2]
There is no error in the judgment of the trial court.
Therefore, the judgment of the trial court is affirmed. All costs of appeal are assessed one-half against plaintiff and one-half against the employer, Ashy Enterprises, Inc.
AFFIRMED.
NOTES
[1] The correct name of the employer appears to be Ashy Enterprises, Inc. since the defendant cast in judgment for workmen's compensation benefits is identified by that name in the judgment of the trial court.
[2] We are aware that Basco v. State of La., Dept. of Corrections, 335 So.2d 457 (La.App. 1 Cir. 1976) says that Delahoussaye stands for the converse, but Delahoussaye addressed primarily the question of whether payments were due for the interim period, not the "60 day overdue" problem. Basco and Redding v. Cade, 158 So.2d 880 (La.App. 3 Cir. 1964) correctly state the law on this point.