360 So.2d 231 (1978)
CHARLES RAGUSA & SON
v.
COMMUNITY STATE BANK.
No. 12045.
Court of Appeal of Louisiana, First Circuit.
June 12, 1978.
*232 Iddo Pittman, Hammond, for Charles Ragusa & Son, plaintiff-appellee.
Arthur W. Macy, Hammond, for Community State Bank, defendant-appellant.
Rykert O. Toledano, Jr., Covington, for Southern Masonry, Inc., third party defendant.
Before LOTTINGER, EDWARDS, and PONDER, JJ.
EDWARDS, Judge.
On June 30, 1972, Charles Ragusa & Son, a partnership consisting of Charles Ragusa and Michael Ragusa, issued check # 2668, drawn on Community State Bank in the amount of $5,000, to Southern Masonry. Subsequently, Ragusa & Son was advised by the payee that the check had been lost or misplaced and that a replacement check should be issued, a second check for the same amount was issued and forwarded to the payee as a substitute for check # 2668. Contemporaneously, a verbal stop payment order was given to the bank on the lost check. The replacement check was cashed by the payee and paid by the bank in due course.
In July, 1975, check # 2668 was deposited by the payee in its account at BNO; presented to and accepted by Community State Bank; and charged to the Ragusa & Son account on July 17, 1975. Ragusa & Son was not aware of this transaction until August 4, 1975, when it received its monthly bank statement. Charles Ragusa returned the check to the bank on August 4, 1975, and demanded that the account be credited for the amount of the check because a stop payment had been issued on the check and the check had a "stale" date. The bank accepted the return of the check and credited the account for the $5,000.
The bank marked the check "returned stale date" and sent the check to the Federal Reserve Bank, seeking a refund. On *233 August 6, 1975, the Federal Reserve Bank returned the check, noting that they would not accept the check since it was not returned timely.
At this point the testimony is in conflict regarding whether or not Mr. Angelo, the president of the bank, discussed the return of the check with Ragusa. In any event, the bank held the check until September 10, 1975, when it was again charged to the Ragusa & Son account. Angelo then sent a letter dated September 10, 1975, to Ragusa, informing him of the bank's actions.
Ragusa received this letter on September 13, 1975. (The bank contends that he should have received it earlier). In the interim, however, the $5,000 debit overdrew the account and caused the dishonor of another check, dated September 11, 1975, in the amount of $3,100.50, issued to a third party.
This suit was filed on September 19, 1975, by Ragusa & Son against the bank, to collect the amount of the check ($5,000) and to recover damages. By a supplemental and amending petition, Charles Ragusa, Michael Ragusa, Charles Ragusa, Jr., Charles Ragusa & Son (a partnership consisting of Charles Ragusa and Charles Ragusa, Jr.), and Charles Ragusa & Son, Inc., were added as parties plaintiff. The bank filed a third party demand against the payee, Southern Masonry, Inc., seeking indemnity.
The trial court, without assigning written reasons, rendered judgment in favor of plaintiff, Charles Ragusa & Son (a partnership consisting of Charles Ragusa and Michael Ragusa), for the amount of the check and for damages in the amount of $2,500 together with interest from judicial demand. Additionally, the trial court rendered judgment on the third party demand in favor of the bank for the identical sums. The bank has appealed.
Initially, the bank contends that the trial judge's failure to provide written reasons for judgment in response to its motion is error and that this appeal must be remanded.
We reject this contention inasmuch as the motion was filed subsequent to the rendition of the judgment. Richard v. Richard, 359 So.2d 696 (La.App. 1st Cir. 1978).
LSA-C.C.P. art. 1917 requires that the trial court, when requested to do so by a party, shall give in writing its findings of fact and reasons for judgment.
Although the article does not provide the time limit within which such a request must be made (note that the request does not have to be made in writing), this court, en banc, in the recent Richard decision approved the reasoning of the 3rd Circuit in Fontenot v. State, Department of Highways, 300 So.2d 864 (La.App. 3rd Cir. 1974) that the request must be made before judgment is rendered.
Although a panel of the 3rd Circuit in La Calle v. Ashy Enterprises, 353 So.2d 439 (La.App. 3rd Cir. 1978) has expressed doubt as to the correctness of Fontenot, we subscribe to Fontenot as the better view. We see no good reason for a party to be able to wait until after a decision has been rendered to ask for written reasonsthere is more than ample time to do so before.
Next, the bank contends that it is not liable to plaintiffs in that it acted properly in accepting check # 2668 since there was no valid stop payment order in effect and since it was acting in "good faith" under LSA-R.S. 10:4-404.
We do not view the issue of the stop payment as controlling in view of the undisputed testimony that the stop payment was never renewed. Consequently, the stop payment expired in 1972. See LSA-R.S. 6:42, repealed by Acts 1974, No. 92, sec. 2.
Regarding the bank's good faith in paying a stale check, LSA-R.S. 10:4-404 provides:
"A bank is under no obligation to a customer having a checking account to pay a check, other than a certified check, which is presented more than six months after its date, but it may charge its customer's account for a payment made thereafter in good faith." *234 Additionally, LSA-R.S. 10:1-201 defines "good faith" as meaning "honesty in fact in the conduct or transaction concerned."
We have been unable to find any Louisiana case specifically dealing with the payment of a stale check and the aspect of good faith under LSA-R.S. 10:4-404. However, it seems obvious that although LSA-R.S. 10:4-404 protects a bank which pays a stale check so long as it acts in "good faith", it does not eliminate the requirement of ordinary care which a bank must observe in all its dealings. LSA-R.S. 10:4-103(1) Compare Hersbergen, The Bank-Customer Relationship Under the Louisiana Commercial Laws, 36 La.L.Rev. 29 (1975).
Considering this burden on a bank seeking the protection of the statute, we do not believe that it is sufficient for a bank merely to utter the conclusionary allegation of good faith. On the contrary, when a bank's actions are put at issue, it is incumbent upon the bank to show that it exercised the requisite care with regard to its customer. This the bank has failed to do in the instant case. In fact, the bank did not introduce any evidence in support of its actions or to prove its alleged good faith.
We believe that the payment of such an obviously stale check, three years old, demonstrates the bank's lack of due care and prevents it from claiming the defense of good faith afforded by LSA-R.S. 10:4-404.
The measure of recovery in such situations is stated in LSA-R.S. 10:4-103(5), as follows:
"The measure of damages for failure to exercise ordinary care in handling an item is the amount of the item reduced by an amount which could not have been realized by the use of ordinary care, and where there is bad faith it includes other damages, if any, suffered by the party as a proximate consequence."
We find that the trial court properly awarded the full amount of the check, $5,000.
Third, the bank contends that there is insufficient evidence in the record to support the trial court's $2,500 award for damages.
In essence, the claim for damages centers on the bank's refusal to cash the $3,100.50 check issued by Ragusa & Son on September 11, 1975.
Damages for wrongful dishonor are provided by LSA-R.S. 10:4-402, which states:
"A payor bank is liable to its customer for damage proximately caused by the wrongful dishonor of an item."
Plaintiffs proved: that the bank failed to exercise due care in paying check # 2668; that the bank's actions caused the account to be overdrawn; and that the bank wrongfully refused to honor the $3,100.50 check because of this overdraft. However, plaintiffs did not prove that any loss was proximately caused by the bank's actions. Neither is there any testimony that plaintiffs' credit or commercial reputation was affected in any way by the bank's actions.
The trial court's award of damages is not justified by the record and will be reversed.
Finally, the bank contends that the trial court erred in awarding any sum to Charles Ragusa & Son (a partnership consisting of Charles Ragusa and Michael Ragusa) for the reason that it is impossible to determine which plaintiff has sustained the loss.
The bank account involved is in the name of Charles Ragusa & Son. This account was opened and originally used by the partnership consisting of Charles Ragusa and Michael Ragusa. It was during the existence of this partnership that check # 2668 was issued. On July 2, 1975, this partnership was dissolved and a new partnership under the same name, consisting of Charles Ragusa and Charles Ragusa, Jr., was formed. The new partnership continued using the account in question. This latter partnership was incorporated as Charles Ragusa & Son, Inc., on September 2, 1975. The corporation also continued to use the same account. In fact, the Charles Ragusa & Son account was continuously in use without interruption from before 1972 until sometime after September, 1975, although there were changes in the parties and nature of the business.
*235 When the account was charged for check # 2668 on September 10, 1975, the corporation was using the account and corporation funds were debited. Although there is testimony in the record which would indicate that the original partnership would bear the loss for check # 2668, there is nothing in the record to show that the corporation has relinquished or assigned its claim to this partnership. Therefore, the corporation is the party entitled to reimbursement for check # 2668.
For the above reasons, the judgment of the trial court is reversed insofar as it awarded the sum of $2,500 in damages; is amended to award judgment in favor of Charles Ragusa & Son, Inc., rather than Charles Ragusa & Son (a partnership consisting of Charles Ragusa and Michael Ragusa); and is affirmed in all other respects. Based on this Court's discretion under LSA-C.C.P. art. 2164, all costs are assessed against appellant.
REVERSED IN PART, AMENDED AND AFFIRMED IN PART.