MANDAMUS
We grant mandamus to order a trial judge to give written reasons for his ap-pealable judgment in compliance with La.C. C.P. 1917.
The trial judge refused applicant’s request on the authority of Fontenot v. State, Dept. Hwys., La.App. 3 Cir. 1974, 300 So.2d 864 (questioned, obiter, in LaCalle v. Ashy Enterprises, La.App. 3 Cir. 1978, 353 So.2d 439, writ refused La., 355 So.2d 266).
Whether right or wrong, Fontenot and its descendants (Richard v. Richard, La.App. 1 Cir. 1978, 359 So.2d 696; Charles Ragusa & Son v. Community State Bank, La.App. 1 Cir. 1978, 360 So.2d 231) may be distinguishable in that they involved appeals already lodged while here no appeal has yet been taken. One may argue that an order refusing to give written reasons is neither appealable in the first place nor a matter reviewable under an appeal from the final judgment itself as to which written reasons were refused. One may also note that the decision of whether or not to appeal has already been made when an appeal is lodged, and therefore the trial judge’s reasons could no longer serve the purpose of assisting a litigant in making that decision. (On the other hand, written reasons might yet serve the invaluable purpose of letting the court of appeal know whether the judgment is based on a resolution of a factual dispute or of a legal dispute, and perhaps nothing other than failure to take a timely appeal should extinguish a litigant’s right to written reasons.)
The only rationalization for those cases’ departure from C.C.P. 1917’s command that the court “shall” comply with a request for *887 written reasons is that of Ragusa, at 360 So.2d 233, noting only that “the article [1917] does not provide the time limit within which such a request must be made” and impliedly suggesting that some time limit must be imposed. We disagree with that rationalization.
One must accept that reasons are not demandable forever, that there must come a time when a trial judge cannot be required to explain a judgment rendered in the past. But the courts have neither need nor justification for fixing a time limit because article 1917 contains its own time limit within its description of the cases in which reasons may be requested:
In all appealable contested cases, other than those tried by a jury, the court when requested to do so by a party shall give in writing its findings of fact and reasons for judgment.
It is only in “appealable” cases that reasons may be requested, and cases do not remain appealable forever. Art. 1917 allows a request for reasons as long as the time for appeal has not passed, but once the time for appeal has passed and the judgment can no longer be reviewed by an appellate court, art. 1917 no longer obliges the trial judge to give reasons because the case is no longer appealable. Thus a court does not have the authority to deny reasons in an appealable case on the theory that someone must supply a time limit that the Code does not supply; the Code does supply a limit. It is therefore
ORDERED that the Honorable Melvin J. Duran, Judge, Division “I”, Civil District Court for the Parish of Orleans, give in writing his findings of fact and reasons for judgment in compliance with appellant’s timely request.