407 So.2d 789 (1981)
Helen Tappel, Wife of/and Burnett G. TAPPEL and Burnett G. Tappel, Jr. in His Capacity as the Natural Tutor of his Minor Child, Craig Tappel
v.
Joycelyn L. Vidros, Wife of/and Alton J. VIDROS, and the Travelers Insurance Company.
No. 12173.
Court of Appeal of Louisiana, Fourth Circuit.
December 8, 1981.
*790 Boggs, Loehn & Rodrigue, Thomas E. Loehn, New Orleans, for plaintiffs/third-party defendants/appellees.
Law Offices of James J. Morse, John A. Cvejanovich, New Orleans, for defendants/third-party plaintiffs/appellants.
Herman L. Bastian, Jr., Salvador Anzelmo, Avis M. Russell, New Orleans, for third-party defendant and appellee the City of New Orleans.
Before GULOTTA, GARRISON and BARRY, JJ.
GULOTTA, Judge.
In this intersectional accident case we are confronted with two issues: 1) which of the two drivers crossed the intersection while favored with a green light, and 2) whether the City of New Orleans is liable because of a malfunctioning semaphore light at the intersection.
At the time of the accident, the plaintiff automobile, driven by Burnett G. Tappel and occupied by his wife Helen and their young grandson, was traveling in a southerly direction on Marr Street at approximately 11:30 or 11:45 a.m. on Sunday, November 30, 1975. Marr is an undivided two-lane street intersecting with General DeGaulle Avenue, a four-lane thoroughfare running East and West and separated by a neutral ground. The defendant automobile, driven by Joycelyn Vidros, was traveling in a westerly direction on General DeGaulle Avenue.
Plaintiffs' version of the accident was that after stopping for a red light at the intersection, they attempted to cross DeGaulle on a green light in their favor and had reached the neutral ground when the Vidros automobile struck their vehicle between the front and rear doors.
The Vidros' version, on the other hand, is that the light was green for traffic traveling on DeGaulle when the defendant vehicle entered the intersection and remained green up to the time of impact.
It is undisputed that the signal light at this intersection at the time of the accident was malfunctioning. According to uncontradicted testimony, the length of time between cycle changes was abnormally short. According to Elmer Darwin, a traffic engineer with the City of New Orleans, this problem was caused by a malfunctioning controller.
The trial judge, concluding that Joycelyn Vidros, driver of the defendant automobile, had failed to take the proper precautions when entering a malfunctioning signal light intersection, awarded judgment in favor of plaintiffs. Third-party demands against the City and Tappel were dismissed. Defendants appeal. We affirm.

LIABILITY OF DEFENDANT DRIVER
In written reasons, the trial judge, in pertinent part, stated:
". . .

*791 5. The defendant was on a straight-a-way street `DeGaulle' and had she been paying just a little bit more attention to what she was doing, she could have (1) observed the malfunctioning light and, (2) avoided this accident, (3) seen the plaintiff cross in front of her.
6. . . .
7. . . .
8. All of this indicates negligence on the defendant's part; she did not pay adequate attention to the traffic light itself, to the cars opposing her, to the cars crossing both ways in front of her, all at a time when traffic was extremely light on a Sunday morning...."
The trial judge went on to state in those written reasons that the plaintiff driver had entered the intersection "slowly and carefully" and exonerated him from liability.
Defendants, appealing, claim the trial judge admittedly reached his factual conclusion based on a "foggy memory"[1] and his conclusions are therefore not entitled to the benefit of the manifest error rule. We do not agree.
Despite the judge's statements that his memory was foggy when the written reasons were assigned, those reasons accurately reflect the evidence and find support in the record. The plaintiff-driver testified that after stopping for a red light on Marr, he proceeded, when the light changed to green, across DeGaulle and was struck while in the intersection near the neutral ground. He stated that the light was changing quickly but that it remained green until the time that he was hit. His version of the accident was supported by his wife who stated that she was observing traffic on DeGaulle to her right and saw the automobiles proceeding in an easterly direction on DeGaulle (in the opposite direction from defendants' automobile) coming to a stop.
George J. Thibodaux, who was traveling on Marr Street in a northerly direction (opposite from the direction of the Tappel automobile), witnessed the accident. He stated that the light was malfunctioning and that as he approached the DeGaulle intersection, he, like the plaintiff driver, stopped for the red light on Marr and when it turned green commenced to cross DeGaulle, but as he reached the neutral ground the light changed to red. Thibodaux added that the Tappel vehicle was stopped in the neutral ground when struck.
Joycelyn Vidros stated that she had first noticed the plaintiff automobile when she was approximately 25 feet from the intersection. This defendant acknowledged, however, that she did not observe the light from the time that she initially saw it approximately 100 feet away and the time the accident occurred. She stated she was traveling approximately 30 or 35 mph. Although later in her testimony she indicated that she had been watching the light the "whole time" and could see the light from approximately a distance of one-and-one-half blocks away, she was unaware of the malfunctioning light and entered the intersection without reducing her speed or taking any precaution required under the circumstances. Had she been the least bit attentive, she would have observed the malfunctioning light, the stopped automobiles on DeGaulle traveling in her direction, and the crossing Tappel and Thibodaux automobiles. Furthermore, although Thibodaux testified that an automobile in front of him on Marr traveling in the same direction in which he was traveling, had negotiated the intersection, Vidros testified that she did not see these automobiles. This evidence clearly supports that the defendant driver was inattentive to her surroundings. We find no error in the trial court's judgment casting defendants in judgment.

*792 LIABILITY OF CITY OF NEW ORLEANS
We find no error further in the trial court's judgment exonerating the City from liability.
The Supreme Court in Jones v. City of Baton Rouge, Etc., 388 So.2d 737 (La.1980) recognized that a public body may be subject to tort liability either on negligence or on legal fault under LSA-C.C. Art. 2317.[2] Legal fault under this codal article does not require a showing of the public body's knowledge (constructive or actual) of the existence of a danger, but rather is a consequence of ownership and custody instead of a breach of a duty. See also, Shipp v. City of Alexandria, 395 So.2d 727 (La.1981). Negligence based liability, on the other hand, requires a showing of the public body's notice (constructive or actual) that a danger exists. See U.S.F. & G. Co. v. State, Dept. of Highways, 339 So.2d 780 (La.1976); Bourgeois v. State Through Dept. of Highways, 255 So.2d 861 (La.App. 4th Cir. 1971); McDaniel v. Welsh, 234 So.2d 833 (La.App. 1st Cir. 1970).
STRICT LIABILITY
A custodian or, as in our case, a public body can escape LSA-C.C. Art. 2317 liability only by showing that the harm was caused by the fault of the victim, by the fault of a third person, or by an irresistible force. See Jones v. City of Baton Rouge, supra; Loescher v. Parr, 324 So.2d 441 (La. 1976). The trial judge's conclusion, clearly supported by the evidence, is that the cause of the accident resulted from the negligence of a third party, i.e., Joycelyn Vidros, the driver of the defendant vehicle. We are not here confronted with a situation where a malfunctioning signal light indicated green for both intersecting drivers as occurred in Gaspard v. Stutes, 380 So.2d 201 (La.App. 3rd Cir. 1980). In that case, neither driver was found to be at fault. Under the circumstances of our case, we cannot conclude that the City of New Orleans can be held liable under the strict liability concept of LSA-C.C. Art. 2317.
NEGLIGENCE
The Louisiana Supreme Court in U.S.F. & G. Co. v. State, Dept. of Highways, supra, clearly set forth the guidelines in a negligence based claim against a public body. The court stated that a public body is not responsible for every highway accident and is not a guarantor of the safety of travelers or an insurer against all injury that may result from obstructions or defects in highways. The court stated further that in order to hold a public body liable for an unsafe or hazardous condition it must be shown that that body had prior notice, either actual or constructive, of the dangerous condition and had sufficient opportunity to remedy that condition or to alert and warn motorists of its existence, and failed to do so.
Applying these guidelines to the facts in our case, we are led to conclude that the City had notice of the existence of the malfunctioning light and timely made reasonable, repeated efforts to correct that malfunction. According to the work reports introduced into evidence, as interpreted by the traffic engineer, on November 18, 1975 the traffic light was "found skipping". The time clock was replaced and adjusted. On November 21, in response to a complaint, the controller was changed. Again, on November 25, the time clock was stuck and replaced. This repair was made in response to complaints on that date. Also, on November 26, on a complaint that the signal was "stuck", the light was checked by a repair team but found to be functioning properly. On November 29, a complaint was received at 6 p.m. that the signal light had been flashing red and green. Upon arrival of a city workcrew at 7:25 p.m., *793 however, the signal light was performing satisfactorily. Finally, the controller was again changed on the signal light on November 30 subsequent to the accident.
Considering the City's responses to the complaints and its repeated repairs to the malfunctioning light, we cannot say that the City failed to exercise reasonable efforts to correct the defects. Were we to hold otherwise, we would make the City the insurer of all injury resulting from the defect. As pointed out in U.S.F. & G. v. State, Dept. of Highways, supra, the public body is not the guarantor of the safety of travelers or an insurer against all injuries that may result from the defect.
Accordingly, we find no error in the judgment of the trial court exonerating the City from liability. Having so concluded, we affirm the judgment.
AFFIRMED.
NOTES
[1] This understandable statement was made by the trial judge when assigning written findings of fact and reasons for judgment in response to a writ of mandamus issued by this court as a result of a request for the trial judge to render written reasons. 379 So.2d 886. In those reasons the trial judge explained that because of the lapse of time between rendition of the judgment and the mandamus he did not have the benefit of the transcript and the facts and evidence in the case had become "stale".
[2] LSA-C.C. Art. 2317 reads as follows:

"Art. 2317. Acts of others and of things in custody.
We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody...."