430 So.2d 234 (1983)
Frederick F. GORDON
v.
The CITY OF NEW ORLEANS.
No. CA 0400.
Court of Appeal of Louisiana, Fourth Circuit.
April 4, 1983.
*235 Kambur & Sutherland, James G. Kambur and Preston G. Sutherland, New Orleans, for plaintiff-appellant.
Salvador Anzelmo, City Atty., Gilbert R. Buras, Jr., Asst. City Atty., George R. Simno, III., Deputy City Atty., New Orleans, for defendant-appellee.
Before AUGUSTINE, BYRNES and WILLIAMS, JJ.
BYRNES, Judge.
By this appeal Frederick Gordon, appellant, seeks reversal of a judgment of the district court dismissing his suit for personal injuries against the City of New Orleans.
Gordon, a United States postman, was injured on April 5, 1977 when he tripped and fell on a sidewalk during routine mail delivery. The sidewalk in question is located in the Lakeview section of the City, an area known to have a high incidence of subsidence. This condition results in uneven settling of sidewalks throughout the area. The particular sidewalk on which appellant was injured had a slab height disparity of 4-6 inches which was visible from approximately half a block away. As a result of his fall appellant injured his left knee in such a way as to require surgery with a resulting 15% permanent partial disability to his leg.
Appellant based his suit against the City on two theories. He first contends that the City is strictly liable for what he alleges was the unreasonably dangerous condition of the sidewalk. Alternatively appellant argues that the City was negligent in failing to repair the sidewalk. We pretermit discussion of the merits of these theories because we find that the appellant's conduct bars his recovery under either theory.
We quote with approval the following excerpts from the trial court's reasons for judgment.
The evidence shows that the defect in the sidewalk was clearly visible to anyone who would be looking where he was going. Plaintiff testified that he was the substitute carrier, who had been delivering mail in this area for a long period of time. He was familiar with this area. His explanation for not observing the defect was that he walked on the lawns, but was told not to use them. On this particular day, he used the sidewalk.
He did not see the defect, according to his testimony, because he was "fingering" his mail as he walked along.
The plaintiff was familiar with the area, knew the sidewalks were not smooth and uniform, and was under the obligation to watch where he was walking.
These findings are amply supported by the record and form the basis for our decision.
The record in this case clearly establishes that the appellant was contributorily negligent. When asked if he was looking at the mail or the sidewalk when he fell appellant replied; "I was looking at the mail at the time I fell." When asked if he had ever noticed the crack in the sidewalk he replied; "Noticed it but I didn't notice how bad, I never walked on it, when I am down that way, I am walking delivering mail, I am not paying too much attention to what is on the other side of me, I have my mind mostly on the mail."
The standard of care which the law requires of pedestrians on public sidewalks and the public policy underlying that standard has been expressed as follows:
"... Such ways of passage are intended for public use, of course, and a pedestrian is entitled to assume that they are not dangerous. Further, he is not required to constantly observe the surface of the walk or to exercise the care which would be necessary in traversing a jungle. However, he cannot be completely oblivious of its condition; he must exercise ordinary care when using it, having in mind the well recognized fact that throughout every city of any size in this state there exist irregularities in the walkways brought about by natural causes such as rains, expansion, soil errosion and tree roots." White v. City of Alexandria, 43 So.2d 618, 620 (La.1949) *236 See also Korver v. City of Baton Rouge, 348 So.2d 708 (La.App. 1st cir.1977).
The trial court concluded, and we agree, that had the appellant exercised ordinary care he would have seen and avoided the obvious danger which the uneven sidewalk presented. Appellant's conduct precludes his recovery under a negligence theory.
Appellant also attempts to recover on the theory that the City is strictly liable under C.C. Art. 2317 for the damages which the defective sidewalk caused him. Under this theory the City may be held liable if it is established that the sidewalk was in the City's custody, that it presented an unreasonable risk of harm to others, and that this risk caused the appellant's injuries. Loescher v. Parr, 324 So.2d 441 (La.1975). The traditional defenses to a claim based on this theory have been that the damage was caused by third party fault, victim fault, or an irresistible force. Orazio v. Durel, 407 So.2d 75 (La.App. 4th. Cir.1981). Tappel v. Vidros, 407 So.2d 789 (La.App. 4th Cir. 1981).
It is well established that assumption of the risk is considered equivalent to victim fault. Kent v. G.S.U., 398 So.2d 560. Having reviewed the record in this case we feel that there was adequate proof that the appellant assumed the risk of his injury and thus is precluded from recovery under C.C. Article 2317. Kent v. G.S.U., 398 So.2d 560.
To establish assumption of the risk two things must be shown; first, subjective knowledge on the part of the victim of the danger which causes the injury (in this case the unevenness of the sidewalk), and second a voluntary encountering of the preceived risk. Dorey v. LeFleur, 399 So.2d 559 (La. 1981) Restatement 2nd Torts, Section 496 (1965)
In this case the appellant's testimony establishes that he knew before he fell that the sidewalk was uneven. When asked how the fall took place appellant replied "I was walking and the sidewalk was raised and I step on the high part and only my toe managed to step on the high part, I managed to step on the high part, when I went to take another step I couldn't hold my weight and I fell." (Emphasis added)
This statement clearly establishes the appellant's subjective knowledge of the defect in the sidewalk. It also shows that he voluntarily encountered the risk which that defect presented. Unfortunately for appellant the precautions he took to avoid injury were inadequate. However, that does not change the fact that he voluntarily encountered a known risk. Given these facts the City cannot be held liable under C.C. Art. 2317.
Moreover, even were we to find that appellant did not assume the risk of his injuries, we still feel his conduct was sufficiently below the standard of ordinary care which the law requires of pedestrians to qualify as victim fault under C.C. 2317 and related jurisprudence.
Recent cases have recognized that victim fault may encompass elements of contributory negligence. Dorey v. LeFleur, supra. Some have gone so far as to equate the two LeBlanc v. State Department of Highways, 405 So.2d 635 (La.App. 3rd Cir., 1981) Korver v. City of Baton Rouge, supra.
We feel the best approach is that discussed in Dorey v. LeFleur, supra. There the Supreme Court held that the use of contributory negligence as a defense to liability under C.C. Article 2317 should be decided on a case by case basis, taking into consideration the competing policy considerations for and against the use of this traditional negligence defense in cases of strict liability.
Where the conduct under scrutiny does not involve an ultra hazardous activity products liability, or the realization of profits from the act or omission in question, the social policies which militate against the use of contributory negligence as a defense are less compelling and the victim's conduct should be examined more critically. See Carpenter v. State Farm, 411 So.2d 1206 (La.App. 4th. Cir.1983) for a thorough discussion of this problem.
*237 For the reasons outlined above we affirm the ruling of the trial court. All costs of this appeal to be borne by the appellant.
AFFIRMED.