449 So.2d 699 (1984)
Sam GIOVINGO
v.
Jules and Myrtle COCHIARA, d/b/a Cochiara Shipyard, et al.
No. 83-CA-732.
Court of Appeal of Louisiana, Fifth Circuit.
April 9, 1984.
Frank P. Tranchina, Jr., Law Offices of Guy W. Olano, Jr., Kenner, for plaintiff-appellant.
Kevin L. Cole, Metairie, Al J. Mendoza, Mendoza & Hardin, Marrero, for defendants-appellees.
Before CURRAULT, GRISBAUM and DUFRESNE, JJ.
CURRAULT, Judge.
This appeal originates in the Twenty-Fourth Judicial District Court, Division "O", wherein the Honorable Ronald P. Loumiet rendered judgment denying plaintiff recovery based upon a finding of contributory negligence and assumption of the risk. Plaintiff now brings this appeal.
On October 5, 1980, Sam Giovingo and Kathleen Murphy went on an afternoon fishing trip. Mr. Giovingo launched his skiff at a ramp site in Lafitte, Louisiana, owned by Jules and Myrtle Cochiara, d/b/a Cochiara Holding Company, but leased and operated by Joe Silver, d/b/a Barataria Tavern Service. A fee of $2 was paid by Mr. Giovingo to use the launch which consisted of a steep, concrete ramp with small wooden piers on each side. The skiff was launched and the trip began without incident. However, at the time of the launching, Giovingo noticed a black substance adhering to the concrete ramp some 1 to 1½ feet above the water line and spanning the width of the ramp.
After completing their fishing, Giovingo and friend returned to the launch site at *700 approximately 2:00 p.m. Both parties successfully disembarked and, while Ms. Murphy held the boat by a rope, Giovingo got his car and backed the boat trailer down the ramp and into the water. As he proceeded to load his skiff onto the trailer, Giovingo once again became aware of the black substance and tested its slipperiness by placing his right foot onto it and moving it. After testing, Giovingo took only a few steps to begin loading the skiff when he slipped and fell, striking his face against the trailer yoke.
Mr. Giovingo filed suit against Jules and Myrtle Cochiara and Joe Silver, alleging liability under LSA-C.C. Articles 2315, 2316 and 2317. A trial was conducted on February 11, 1983, and on June 9, 1983, judgment was rendered for defendants and against plaintiff. The judgment and written reasons are both silent as to which theory of liability was imposed; however, the trial court did find that plaintiff had assumed the risk and was contributorially negligent.
From that judgment plaintiff has appealed, asserting the following errors:
(1) the trial court erred in failing to apply strict liability unto the defendants for plaintiff's injuries; that
(2) the trial court erred in finding that plaintiff's actions constituted victim fault so as to bar the application of strict liability for these injuries; that
(3) the trial court erred in refusing to use a duty/risk analysis upon the defendants whose business operations included charging a fee for patrons to use the dangerous boat launch; and that
(4) the trial court erred in not addressing the issue of comparative negligence and applying the appropriate percentages in its reasons for judgment.
When activities or operations conducted on a premises present risks of damage to those on the property, then LSA-C.C. Article 2317[1] is applicable and renders the proprietor strictly liable (fault without negligence). The available defenses to a strict liability claim under Article 2317 are (1) victim fault; (2) fault of a third person; or (3) damage caused by an irresistible force. Buchanan v. Tangipahoa Parish Police Jury, 426 So.2d 720 (La.App. 1st Cir.1983). Victim fault is tantamount to assumption of the risk. Gordon v. City of New Orleans, 430 So.2d 234 (La.App. 4th Cir.1983). Assumption of the risk is a subjective determination involving first the victim's knowledge and appreciation of the danger and, secondly, a voluntary encountering of it. Gordon, supra; Carpenter v. State Farm Fire and Casualty Company, 411 So.2d 1206 (La.App. 4th Cir.1982).
In written reasons, the trial court concludes:
"The testimony is that Mr. Giovingo and a friend launched a boat on the day in question. At the time of launching, Mr. Giovingo noticed a black substance at the water level of the boat ramp, presumably algae.
"After launching, he fished for approximately three or four hours, before returning at approximately 2:00 p.m. The weather was clear and fine. He became immediately aware again of the substance he had seen earlier, so much aware, in fact, that he presumed it might be something one might slip on and he decided to test it by placing his foot into it several times. This he did, by his testimony, because he was aware of a danger of slipping. He, after testing, walked through the black material at the water line and slipped, causing a serious injury to his face."
This account of the incident is an accurate one amply supported by the record.
At trial, only two witnesses testified: the plaintiff and his fishing companion. It was plaintiff's testimony that what *701 he confronted was blackish vegetation growing on the ramp up to a foot and a half above the water line and covering the width of the ramp. Plaintiff further testified that he always goes under the presumption that he could slip and fall when retrieving the boat from the water. When questioned whether he appreciated the possibility of slipping and falling, his response was affirmative. He then testified he took the following precautions:
"I tried to pick a spot that didn't have as much. There was a slime covering it and I put my foot on it and I had rubber sole shoes on and wedged my foot around to see if I could get any kind of a grip on it and it didn't feel slippery at the time."
A few questions later, he testified:
"I took my right foot and pressed it into the stuff and wedged it around a couple of times and it didn't feel slippery and at that time I decided to go ahead with retrieving the boat."
It is clear that this plaintiff had knowledge and appreciation of the danger he faced and that he voluntarily engaged in the activity which injured him. We cannot say that the trial court was manifestly erroneous in holding that plaintiff had assumed the risk of his own injury. Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978).
At this point, the issues of negligence do not merit discussion as we believe such issues have been made moot by the finding of assumption of the risk which operates as a complete bar to plaintiff's action.
Accordingly, for the foregoing reasons, the decision of the trial court finding plaintiff had assumed the risk is hereby affirmed with costs assessed to appellant.
AFFIRMED.
NOTES
[1] LSA-C.C. art. 2317: We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications.