WILLIAMS, Judge.
Plaintiff Linda Wilcox allegedly sustained a neck injury while a patron at Pontchartrain Beach Amusement Park in New Orleans. Ms. Wilcox claims that the injury she complains of is the result of a sudden deceleration at the end of an otherwise normal roller coaster ride. Plaintiff alleges that the injury manifested itself when she exited the ride and was discussing with her brother the possibility of riding again. When Ms. Wilcox became aware of the pain in her neck she complained to the ride operator and was taken to the amusement park’s first aid station. According to the plaintiff, the first aid station referred her to East Jefferson Hospital Emergency Room. Several days later plaintiff was seen by an orthopedist who had been treating her for congenital back problems. She remained under his conservative treatment until October of 1975. In November she was seen by a neurosurgeon. In December of 1975, Ms. Wilcox moved to Nevada where she was treated by numerous chiropractors for various complaints, including headaches and allergies. During this time she was referred to a neurosurgeon who performed various diagnostic tests and, ultimately, surgery. The plaintiff’s complaints continue to the present.
At trial, judgment was entered in favor of the plaintiff for $5,000 with interest and costs. Plaintiff appeals alleging that the trial court erred in awarding damages only *706 for treatment through October 24, 1975. Defendant answers the appeal by arguing that the trial court erred in not applying the doctrine of assumption of the risk and in finding that the plaintiff had met her burden of proof.
We do not find that the trial judge erred in failing to apply the doctrine of assumption of the risk. While we agree with the line of cases which hold that an amusement park operator is not an insurer of a patron’s safety, Rivere v. Thunderbird, Inc., 353 So.2d 346 (La.App. 1st Cir.1977); Hyland v. Durr, 212 So.2d 158 (La.App. 4th Cir.1968), we find that in this particular case the defendant failed to sustain its burden of proving that plaintiff assumed the risk.
The defense of assumption of the risk is an affirmative one which must be proven by a preponderance of the evidence. Bourque v. Duplechin, 331 So.2d 40 (La.App. 3d Cir.1976). For the doctrine to apply the defendant must show subjective knowledge on the part of the victim of the danger which causes the injury and a voluntary encounter of the risk. Dorry v. LeFleur, 399 So.2d 559 (La.1981); Gordon v. City of New Orleans, 430 So.2d 234 (La.App. 3d Cir.1983). Plaintiff admits knowledge of the dangers of the normal operation of the ride, but she argues that it was not the normal operation of the ride which caused her injury, but rather it was an abnormal operation resulting in a rapid deceleration which caused it. The trial court found that the plaintiff sustained her burden of proof in showing that there was a sudden deceleration which caused her injury and, further, he apparently found that defendant failed to sustain the burden of proof requisite to the application of assumption of the risk. We find that there is no error in these conclusions and, therefore, we will not disturb the trial judge’s findings. Canter v. Koehring, 283 So.2d 716 (La.1973).
Plaintiff’s appeal is based on the assertion by the trial court that it may reject medical testimony which relates to the entire course of plaintiff’s symptoms and treatment for the amusement park injury when the court determines that such opinion is based upon the “subjective history as given by the patient.” Plaintiff contends that the trier of fact is not at liberty to arbitrarily disregard unequivocal and un-contradicted testimony of experts when it bears upon technical questions of medical causation and that it was error for the court to state in its reasons for judgment that “to the extent that the plaintiff has subjective complaints subsequent to [October 24, 1975] and that these subsequent complaints are related to the accident, the court rejects this causal relationship.”
Testimony heard by the trial judge indicates that while three experts found objective signs of injury, the findings were related to the particular cause only after plaintiff provided the doctors with a history of the symptoms. The court rejected the three experts opinion as to the cause of the symptoms complained of, and the judges choice to believe a fourth doctor’s opinion is not the basis for a reversal. A trial court is free to evaluate the experts’ opinions and is not bound by any of them. Wright v. Ocean Drilling & Exploration Co., 444 So.2d 129 (La.App. 4th Cir.1983). When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding the appellate court will not disturb the findihg absent manifest error, Canter v. Koehring, 283 So.2d 716, 724 (La.1973). We find no error in the court’s evaluation of the conflicting testimony and, therefore, will not disturb the trial court’s determination.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.