487 So.2d 459 (1986)
Vivian Englade Wife of/and John MILLER
v.
STATE FARM FIRE AND CASUALTY COMPANY, Jefferson Parish, Louisiana Gas Service Company, Jefferson Parish Drainage and Sewerage Company and Lynden Bishop.
No. 85-CA-369.
Court of Appeal of Louisiana, Fifth Circuit.
February 13, 1986.
Rehearing Denied May 16, 1986.
*460 Harry T. Widmann, New Orleans, for plaintiffs-appellants, Vivian and John Miller.
Robert H. Cooper and R.F. Spangenberg, IV, Metairie, Counsel for defendants-appellees, State Farm and Lyndon Bishop.
Hubert A. Vondenstein, Steven B. Witman, Gretna, for defendants-appellees, Jefferson Parish and Jefferson Parish Drainage and Sewerage Co.
G. Bruce Parkerson, New Orleans, for defendants-appellees, La. Gas Service Co.
James W. Hailey, Jr., Metairie, for defendants-appellees, C.J. Calamia Const. Co. and Md. Cas. Co.
Before GAUDIN, GRISBAUM and DUFRESNE, JJ.
GAUDIN, Judge.
On March 2, 1982, 48-year-old Mrs. Vivian Miller, an Avon sales representative, tripped over a two- to three-inch sidewalk rise and fell in front of the Lynden Bishop residence at 1401 David Drive in Metairie, Louisiana. Her subsequent suit for damages in the 24th Judicial District Court was dismissed, and on appeal she contends that the trial judge erred:
(1) In finding that she assumed the risk by trying to step over the sidewalk rise rather than walking around it;
(2) In ruling that the assumption of risk doctrine acted as a complete bar to recovery instead of merely diminishing recovery according to the principles of comparative negligence, and (3) In concluding that any negligence on her part which may have contributed to the accident constituted total victim fault.
The record, however, particularly appellant's own testimony, supports the district court judgment and we cannot disturb it.
Mrs. Miller lived at 1421 David Drive and had walked on the sidewalk past 1401 David Drive numerous times. It was sunny on the morning of the accident and the sidewalk was dry. Mrs. Miller stated that she was aware that the sidewalk in question was uneven. She said:
"At that particular place, some houses would have two or three bad sections. Some didn't, some had just one."
The sidewalk directly in front of the Bishop residence, Mrs. Miller testified, had a "couple" of bad spots, falling "... maybe two or three inches." Mrs. Miller said that she attempted to step over one of the rises, but she misjudged its height and she tripped.
In his "Reasons for Judgment," the trial judge stated:
"Plaintiffs base their suit ... on two theories. First, plaintiffs claim said defendants are strictly liable for the alleged unreasonably hazardous condition of the sidewalk. In the alternative, plaintiffs allege said defendants were negligent in failing to maintain and repair the sidewalk ...
"In this case, it is clear that Mrs. Miller had subjective knowledge of the danger which caused the injury (the unevenness of the sidewalk). She had traversed the area in question for several years prior to her falling in this case, was very familiar with the unevenness of the sidewalk in question and prior to falling in *461 this case plaintiff saw the crack from at least ten feet away.
"Further, plaintiff voluntarily encountered the perceived risk by attempting to step over the crack but misjudged its height. Additionally, plaintiff could have walked another route to the home she was attempting to visit although it would have taken slightly longer. Additionally, plaintiff could have walked around the rise in the sidewalk on the grass which was level...
"Under these circumstances this Court has dismissed plaintiff's claim because of assumption of the risk which this Court considers equivalent to victim fault. Gordon v. City of New Orleans, 430 So.2d 234 (La.App. 4th Cir.1983); Giovingo v. Cochiara, 449 So.2d 699 (La. App.5th Cir.1984)."
Obviously the trial judge found 100 per cent assumption of risk and total victim fault under the particular facts and circumstances of this case. Appellants argue that the sidewalk owners were guilty of at least some negligence.
In White v. City of Alexandria, 216 La. 308, 43 So.2d 618 (1949), cited in Gordon v. City of New Orleans, supra, the Supreme Court of Louisiana said regarding public sidewalks:
"... Such ways of passage are intended for public use, of course, and a pedestrian is entitled to assume that they are not dangerous. Further, he is not required to constantly observe the surface of the walk or to exercise the care which would be necessary in traversing a jungle. However, he cannot be completely oblivious of its condition; he must exercise ordinary care when using it, having in mind the well recognized fact that throughout every city of any size in this state there exist irregularities in the walkways brought about by natural causes such as rains, expansion, soil erosion and tree roots." White v. City of Alexandria, [216 La. 308] 43 So.2d 618, 620 (La.1949)."
Here, the trial judge, despite admitted and apparent sidewalk defects, did not find the sidewalk owners guilty of any negligence. It is well established that such factual findings are not to be disturbed on appeal unless there was no reasonable basis for the findings or that the findings were manifestly erroneous.
As Mrs. Miller was fully aware of the sidewalk irregularities and admitted that she misjudged the height of the rise she fell over, we cannot say that the trial judge was clearly wrong in his findings.
We hold, as did the trial judge, that a pedestrian who is quite familiar with the uneven condition of a sidewalk cannot recover if he or she carelessly misjudges the height of a defect and trips.
The appealed-from judgment is affirmed with appellant to bear costs.
AFFIRMED.