535 So.2d 490 (1988)
Etter LENOIR
v.
SEWERAGE AND WATER BOARD OF NEW ORLEANS, et al.
No. CA 9231.
Court of Appeal of Louisiana, Fourth Circuit.
November 29, 1988.
Rehearing Denied January 18, 1989.
Robert T. Hughes, New Orleans, for appellee-appellant.
Okla Jones, II, City Atty., Val K. Schewich, III, Deputy City Atty., Philip C. Ciaccio, Jr., Asst. City Atty., New Orleans, for appellant.
*491 Robert E. Kerrigan, Jr., David P. Gontar, Deutsch, Kerrigan & Stiles, New Orleans, for appellee.
Harold D. Marchand, Senior Counsel, Sewerage and Water Bd. of New Orleans, New Orleans, for defendant-appellant.
Before WARD and ARMSTRONG, JJ., and HUFFT, J. Pro Tem.
ARMSTRONG, Judge.
Plaintiff Etter Lenoir and defendants Sewerage and Water Board of New Orleans ("S & WB") and the City of New Orleans ("City"), appeal the trial court's judgment dismissing Ramada Inns, Inc. ("Ramada"), the other named defendant, from the law suit. Lenoir also appeals that part of the judgment holding her fifty percent contributorily negligent for her injuries. The S & WB and the City appeal that part of the judgment holding them fifty percent liable, jointly, severally and in solido, for Lenoir's injuries. We affirm the trial court's judgment.
On February 25, 1984, Lenoir was walking with her son in the 100 block of South Derbigny Street, returning from a visit to the store. There was a heavy rainfall earlier that day. Lenoir fell in a hole in the public sidewalk which was covered by a waterlogged piece of plywood. The hole was rectangular in shape measuring approximately five by ten feet and eight inches in depth. Lenoir sustained a broken wrist. The trial court found Lenoir fifty percent comparatively negligent and divided the remaining liability for her injuries equally between the City, as owner of the property, and the S & WB, the maker of the hole. Ramada was dismissed from the law suit.
Lenoir argues that the trial court erred in finding her fifty percent comparatively negligent. The defendants, the City and the S & WB or in the alternative Ramada, are one hundred percent at fault for her injuries. Lenoir relies on a strict liability theory in pursuing this claim. In support of her argument Lenoir cites Carr v. City of Covington, 477 So.2d 1202 (La.App. 1st Cir.1985).
Lenoir's reliance on Carr is well-placed because it addresses the same issues that the facts of this case presents. In Carr the plaintiff injured his ankle by stepping in a pothole in the public street. The court considered whether the city was strictly liable under La.C.C. art. 2317.[1] In determining this the court weighed the utility of the defective thing against the risk of harm to determine if it presented an unreasonable risk of injury. The court concluded that the risk of injury to the plaintiff was not unreasonable, therefore there was no strict liability. The court concluded that even if the city had been strictly liable, the plaintiff's conduct was sufficiently below the standard of care which the law requirees of pedestrians and so qualified as victim fault.
Lenoir failed to plead strict liability in her petitions to the trial court. Under a negligence theory the court found Lenoir to be fifty per cent negligent for failing to exercise ordinary care. The court assigned the remaining liability to the S & WB for their negligence in making the hole and failing to repair it, and the City for their negligence in allowing the dangerous situation to exist on their property. Lenoir would not have benefited by pleading strict liability because fifty per cent negligence would constitute fifty per cent victim fault under a strict liability analysis.
Lenoir contends that the defect in the sidewalk, because it was covered by rotten plywood, constituted a trap. She argues that she had no way of knowing the plywood was rotten and would break under her feet. Lenoir can not now claim that the hole should be classified as a "hidden danger" when at trial she testified that she knew of its existence and the danger it *492 presented because she witnessed a woman fall into the hole two weeks prior to her accident. Furthermore, she should have known of the additional danger the hole represented at the time of the accident because she testified that it had been raining hard the day of the accident and several days before which caused flooding on South Derbigny Street, a street which suffered from poor drainage. In crossing the plywood Lenoir was preceded by her infant son, but Lenoir, who weighed approximately 245 pounds, had no basis for assuming that a rain-soaked sheet of plywood that supported the weight of a child could support her. We agree with the findings of the trial court, that considering the circumstances and the conditions surrounding the location and Lenoir's knowledge and familiarity with the dangerous condition and that she knew of a safer course of action but chose to take this route because it was shorter, Lenoir could have avoided the injuries complained of. We find no error in the trial court's finding that Lenoir was fifty per cent comparatively negligent.
The City of New Orleans argues that it should not be held liable for Lenoir's injuries. It relies on Miller v. State Farm Fire and Cas. Co., 487 So.2d 459 (La.App. 5th Cir.1986), to assert that Lenoir is wholly liable for her own injuries, her own negligence was the sole contributing factor to the accident. In Miller the trial court found that the plaintiff assumed one hundred per cent of the risk when she tripped over a two to three-inch sidewalk rise and fell. On appeal, the court wrote,
"As Mrs. Miller was fully aware of the sidewalk irregularaties and admitted tht she misjudged the height of the rise she fell over, we cannot say that the trial judge was clearly wrong in his findings."
Miller is distinguishable from the case before us. Lenoir's accident was the result of poor judgment rather than misjudgment. Furthermore, it was found that the city was negligent in not abiding by its duty to maintain its streets and sidewalks in a safe condition for public use. Carr v. City of Covington, 477 So.2d 1202 (La.App. 1st Cir.1985). Persons are liable for acts of omission as well as commission, but there must also be a duty imposed by the relationship of the parties that would be breached by act of omission. La.C.C. arts. 2315, 2316. See Dowling v. Mutual Life Ins. Co. of New York, 168 So.2d 107, (La. App. 4th Cir.1964) writ refused 247 La. 248, 170 So.2d 508.
In its reasons for judgment the court stated that the City's negligence was comprised of but not limited to its failure to barracade the area where dangerous construction had taken place and failure to enforce its regulations and the code of the City of New Orleans. The burden or ease of prevention is a valid consideration in determining whether a defendant violated a duty and is therefore negligent. Crowe, William L., "The Anatomy of A Tort," 22 Loyola L.Rev. 903, 912 (1976).
Alternatively the City argues that Ramada and the S & WB should be solely liable as the maker of the hole. The City cites three cases to support its contention that either the S & WB or Ramada should be liable for Lenoir's injuries. PeDotti v. Sewerage and Water Board of New Orleans, 250 So.2d 785 (La.App. 4th Cir.1971); Breaux v. G.H. Leidenheimer Co., 204 So. 2d 59 (La.App. 4th Cir.1967), writs refused 251 La. 740, 206 So.2d 92 (1968); Loescher v. Parr, 324 So.2d 441 (La.1975). These cases can all be distinguished because they involved accidents for which the City owed no duty to prevent.
As to Ramada's liability, the City relies on the premise that abutting property owners will not be liable for defects in an area which a public body is charged with maintaining, they will be liable when they actually cause or contribute to the defect or dangerous conditions. See e.g. Ford v. City of Shreveport, 165 So.2d 325 (La.App. 2 Cir.1964); Breaux v. Leidenheimer Co., 204 So.2d 59 (La.App. 4 Cir. 1967), writs refused 251 La. 740, 743, 206 So.2d 92, 93 (1968). Under the facts of this case there is not proof that Ramada actually caused the defective condition. In its reasons for judgment, the trial court did not accept Lenoir's testimony with respect to the occurrence of the breakage of the *493 sidewalk because of an iron ball. The trial court stated that the record reflects that the renovation of Ramada was completed prior to the time Lenoir claims the breakage occurred.
The S & WB asserts that Ramada and the City are responsible for the defect in the sidewalk and that they are free from liability of any kind. Citing La.C.C. art. 2317, the S & WB claims that its liability is limited to defects caused by its facilities, and those persons under its control. The S & WB argues that under the facts of this case it had no defective facility that created the hole, nor did the S & WB have any work done by its work crews that may have created the hole. It denies that the S & WB or any of its agents placed the piece of plywood over the hole. The trial court found otherwise.
Although the S & WB had no record of making the hole it was established that neither did it have a record of repairing the hole. However, the S & WB admitted that it had repaired the hole. Likewise there was evidence presented that work was conducted by the S & WB in the area of the hole within the time frame of Lenoir's accident. The trial court found that the condition of the sidewalk was consistent with the work undertaken by the S & WB in correcting the situation which required this type of excavation in the vicinity of a clean out.
The S & WB relies on two cases in arguing that it is only liable for negligence if it had actual or constructive knowledge of the defect. Clairmont v. City of New Orleans, 492 So.2d 1247 (La.App. 4th Cir. 1986); Norris v. City of New Orleans, 433 So.2d 392 (La.App. 4th Cir.1983). The trial court specifically found that the S & WB had knowledge because they were responsible for making the hole. The S & WB argues that it was error for the trial court to find that it made the hole when the evidence suggests that agents of Ramada caused the defect when they dropped an iron ball in the course of renovating the building. These agents then covered the hole with a piece of plywood, which eventually rotted and created the hazardous condition. There is no evidence to support these accusations except the unsubstantiated testimony by Lenoir that she witnessed an iron ball fall from the roof of the Ramada and this testimony was rejected by the trial court. Findings made by the trial court will not be disturbed in the absence of manifest error. Canter v. Koehring Co., 283 So.2d 716 (La.1973); Arceneaux v. Dominque, 365 So.2d 1330 (La.1978).
For the foregoing reasons, we affirm the trial court's judgment.
HUFFT, J., concurs.
NOTES
[1] Article 2317 provides:

We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications.
[The modifications involve minors; insane persons; servants, students or apprentices; animals; and the ruin of buildings.]