425 So.2d 827 (1982)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
v.
Leonard FARNSWORTH, Constance Farnsworth, et al.
No. 5-312.
Court of Appeal of Louisiana, Fifth Circuit.
December 9, 1982.
Rehearing Denied February 17, 1983.
*828 Sally A. Shushan, New Orleans, for plaintiff-appellee.
Robert O. Homes, Jr., Gulfport, Miss., Joseph Lahatte and Michael W. Fontenot, New Orleans, for defendants/appellees.
Before BOWES, CURRAULT and DUFRESNE, JJ.
BOWES, Judge.
The plaintiff, State Farm Mutual Insurance Company, was awarded a judgment of $589.49 against defendants Milligan, Duhon Machinery Co., and Allstate Insurance Company. The judgment represents sums expended by State Farm on behalf of its insured, one Mrs. Wallis, who was involved in an accident with defendant Milligan. State Farm had become the subrogor of Mrs. Wallis. From this judgment, defendant appeals.
Mrs. Wallis was involved in an automobile accident on July 19, 1978, with defendant Milligan and another defendant, against whom judgment was not rendered, a Mrs. Farnsworth. The automobile driven by Mrs. Wallis was struck from the rear by a truck operated by Milligan and owned by defendant Duhon Machinery Company. Milligan, at some point before and after, or at the same time, was himself struck from the rear by an automobile driven by Mrs. Farnsworth. On July 19, 1979, State Farm filed suit against Farnsworth and Farnsworth's insurer, Ambassador Insurance Company, alleging that the Farnsworth vehicle had struck Mrs. Wallis, and was the sole proximate cause of the accident.
On August 23, 1979, Ambassador Insurance Company filed an Answer and Third Party demand against Milligan, Duhon and Allstate (as insurer of Duhon), for indemnification and contribution, should there be found liability of Farnsworth to State Farm.
On February 11, 1980, third party defendant Thomas Milligan filed an exception of no cause or right of action. On that same date, Duhon and Allstate filed an answer to the third party demand, which read in part:
6. Third Party defendants deny that original plaintiff or its insureds were injured as alleged, and deny original plaintiffs' right of subrogation, and deny that property damages were sustained in the amount claimed in the original petition, and third party defendants call for strict proof of all allegations of original plaintiff with respect to damages and rights of subrogation.
7. Third party defendants aver that the accident in suit was caused solely and proximately by the negligence, or in the alternative was proximately caused or contributed to by the contributory negligence or assumption of risk, of original plaintiff, Dorothy Wallis, in all of the respects mentioned in Paragraph VII of the answer filed by Ambassador Insurance Company to the original petition herein.
*829 On April 9, 1980, Ambassador filed an amending and supplemental petition, citing Milligan as its defendant. On May 12, 1980, Milligan, Duhon and Allstate filed an answer to the supplemental petition, which was a general denial incorporating exceptions and defenses urged in their original answer. On August 12, 1980, State Farm amended its petition to include Milligan et al as additional defendants, alleged to be liable jointly and in solido with Farnsworth, as alternative causes. At this time, the exception of prescription was filed, on August 18th.
The exception was dismissed and, after trial, the court found Milligan negligent and therefore liable, along with co-defendants Duhon and Allstate; dismissed all demands against Farnsworth; and found for plaintiff in the stated amount.
Defendants argue two specifications of error:
1. The trial court erred in failing to grant Appellant's Exception of Prescription.
2. The trial court erred in holding the DUHON group liable since there was no substantial evidence of fault on the part of MILLIGAN, the driver of the DUHON vehicle.
We are well aware that the supplemental petition adding Milligan et al to the suit as defendants was not filed until August 12, 1980, nearly two years after the accident. However, defendants were cited as third party defendants by Ambassador well within the 90-day exemption period for filing incidental demands after the main demand is filed, granted by La.C.C.P. 1067. As illustrated above, in answering this timely third party demand, defendants answered and pleaded defenses to the original plaintiff. The court finds it difficult to subscribe to defendant's complaint of lack of notice.
Defense counsel makes much over the fact that defendants did not receive notice of or even rumor to the effect that any suit whatsoever had been filed within the one year period. Contrary to defendant's belief, Louisiana procedural law does not require notice of a lawsuit within one year. For the most part, in tort actions, all that is required is that the suit be filed within the prescriptive period. C.C.P. article 1067, referred to hereinabove, and R.S. 9:5801 are examples of law which exempt certain types of actions in certain circumstances from the one year limit. R.S. 9:5801 reads in pertinent part:
All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants, including minors or interdicts, by the commencement of a civil action in a court of competent jurisdiction and in the proper venue.
Whether or not defendant had actual service within that one year is not the issue in our courts, and particularly under these circumstances. The original third party demand was filed within the auspices of C.C.P. 1067. To that demand defendants asserted defenses against the original plaintiffs. Justice Tate wrote the following comments with regard to the essence of prescriptive laws:
The fundamental purpose of prescription statutes is only to afford a defendant security of mind and affairs if no claim is made timely, and to protect him from stale claims and from the loss or nonpreservation of relevant proof. They are designed to protect him against lack of notification of a formal claim within the prescriptive period, not against pleading mistakes that his opponent makes in filing the formal claim within the period. 21 Tulane Law Review 211, at p. 233.
As we take this reasoning to be accurate, we can see no reason for defendant to complain.
If the original timely pleading gives actual notice to a party that a formal claim or defense is being made based upon a particular factual situation, no essential protective purpose of a prescriptive statute is violated by permitting relation back of a postprescription amendment based on the same factual situation. Through the original pleading the opponent knows that judicial relief is sought *830 arising from the general factual situation alleged, and he is put on notice that his evidence concerning it should be collected and preserved. 21 Tulane Law Review, supra.

Granted that the third party petition was timely filed, defendant received requisite notice of a claim (and, indeed, asserted defenses to it) timely.
The Supreme Court codified this position in Allstate Ins. Co. v. Theriot, 376 So.2d 950 (La.1979). There, the Court found that timely filing of a suit against a defendant apprised him that a judicial claim was being made to enforce his liability, and thus he received notice of the possibility that an intervenor, in this case, might intervene in this suit.
As we stated in Nini v. Sanford Brothers, Inc., 276 So.2d 262 (La.1973): `When the defendant knows or should know, prior to the expiration of the prescriptive period, that legal demands are made upon him from the occurrence described in the petition filed, prescription is interrupted.' 276 So.2d 264, (Citations omitted)
... The underlying reason why prescription does not bar the subsequent claim in these instances is that the defendant has adequate and timely notice by legal demand on behalf of indicated interests that liability arising out of the factual occurrence pleaded is sought to be enforced against him. The fundamental purpose of prescription statutes is only to afford a defendant security of mind and affairs if no claim is made timely, and to protect him from stale claims and from the loss or non-preservation of relevant proof. Allstate, supra.

In Carona v. Radwin, 195 So.2d 465 (La. App. 4th Cir.1967), the court held that the defendant and third party plaintiff had alleged a cause of action against third party defendants within the prescriptive period, put at issue the negligence of the third party defendants, from which negligence the plaintiff suffered, and "Plaintiff's later petition did not change this cause of action. The fact that the court found Guidry's [third party defendant] negligence to be the sole proximate cause does not change the nature of the cause of action against them." (supra, at p. 468)
We find that the filing of the third party action against Milligan et al, timely, in accordance with C.C.P. 1067, sufficiently placed Milligan on notice of a claim; that the subsequent amending petition of Allstate encompassed the cause of action sued upon by third party plaintiffs; therefore Allstate's claim had not prescribed, but that prescription had been interrupted by the third party demand. We are obliged to emphasize the fact that Milligan actually asserted defenses against the original plaintiffs in its answer to the third party petition. No rationale or purpose of prescriptive statutes has been violated. Under R.S. 9:5801, prescription affecting the cause of action is interrupted as to all defendants by commencement of a civil action.
Regarding the merits of the case, the trial court simply believed plaintiff instead of defendant, that Milligan had not stopped immediately prior to the accident. The trier of fact is granted a great deal of discretion in matters of credibility of witnesses. Young v. Dept. of Health and Human Resources, 405 So.2d 1209 (La.App. 1st Cir.1981). The appellate court shall not disturb a factual finding in the absence of manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). "`Manifestly erroneous', in its simplest terms, means `clearly wrong.' ... there must be a further determination that the record establishes that the finding is not clearly wrong (manifestly erroneous)." (Arceneaux, supra).
From the record before us, we cannot say the finding of negligence on the part of the defendant was clearly wrong. There was no evidence as to when the Farnsworth vehicle struck Milligan. The judge stated that he was not convinced that an impact was sufficient to propel the Milligan vehicle into plaintiff's car. We are of the opinion that this finding of fact by the trial judge was not manifestly erroneous and accordingly:
The judgment appealed from is affirmed.
AFFIRMED.