499 So.2d 458 (1986)
Sharon Denise RANDALL, Plaintiff-Appellant,
v.
Tony FEDUCIA and Commercial Union Insurance Companies, In Solido, Defendants-Appellees.
No. 18159-CA.
Court of Appeal of Louisiana, Second Circuit.
December 3, 1986.
Writ Granted January 30, 1987.
Office of the City Atty. City of Shreveport by Charles C. Grubb, City Atty., Henry M. Bernstein, Asst. City Atty., Shreveport, for plaintiff-appellant.
Lunn, Irion, Johnson, Salley & Carlisle by Ronald E. Raney, C. William Gerhardt, Shreveport, for defendants-appellees.
Before FRED W. JONES, Jr. and SEXTON, JJ., and HEARD, J. Pro Tem.
SEXTON, Judge.
This is an appeal by the City of Shreveport from a trial court judgment finding the City fifty percent negligent in a slip and fall incident. We sustain the exception of prescription filed here and dismiss the demands of the plaintiff with prejudice.

FACTS
Plaintiff, Sharon Denise Randall, lived at 906 Andrew Street with her mother and four children. She rented this property from Tony Feducia. The residence was constructed many years ago, as was a walkway extending to the front door of the residence. Subsequently, the street was paved by the City and a public sidewalk was also added. An eighteen inch drop-off was created by the construction of the sidewalk where it met the preexisting walkway. The accident in question occurred on March 13, 1983, at the point of the intersection between the public sidewalk and the walkway. The public sidewalk, as well as a twenty-two foot easement for sidewalks and utilities, was within a right-of-way of the City of Shreveport.
On the date of the accident, Sharon Denise Randall, 29 years of age, had parked her car on the street at the curb and was walking on the public sidewalk where it joined the private walkway. Ms. Randall was wearing thong sandles and was carrying a package. She testified that the accident occurred after dark at approximately 8:00 p.m. Ms. Randall slipped or fell at the point of the drop-off between the sidewalk *459 and the walkway suffering a broken ankle and knee injuries.
Ms. Randall originally brought suit against her landlord, Tony Feducia, and his insurer on February 28, 1984, and added the City of Shreveport as a defendant on August 31, 1984.
The trial court found that the City of Shreveport had breached its duty to maintain the public right of way in a safe manner. Ms. Randall, however, was held to be fifty percent at fault in the cause of the accident. The trial court determined that plaintiff's damages for pain, suffering and permanent disability amounted to $60,000.00. The trial court thus rendered judgment for one-half of that amount against the City and, in addition, awarded plaintiff $5,754.32, representing the entire amount of her medical expenses. The court absolved Tony Feducia, landowner, of all liability.
The City appeals this judgment of the trial court arguing that the award is excessive and that the trial court should have reduced special damages according to plaintiff's degree of fault. The City also has filed a peremptory exception of prescription in this Court asserting the one year prescription of LSA-C.C. Art. 3492 for the first time. The City contends that prescription was not interrupted as to the City when suit was filed against the co-defendant, Tony Feducia, because he was absolved of all liability.
On the merits, Ms. Randall argues that the award is too low and that the court erred in finding her comparatively negligent. She also argues that the court erred in absolving Mr. Feducia of liability. Initially, we address the plaintiff's contention that her landlord, Mr. Feducia, is also at fault in causing her injuries since the pivotal prescriptive issue hinges on that result.

LIABILITY OF FEDUCIA
In arguing Feducia's liability, plaintiff initially cites Bates v. Blitz, 205 La. 536, 17 So.2d 816 (1944), as authority that a tenant is entitled to enjoyment of not only the rented premises but also accessories such as entrances and exits, etc. While Bates is authority on this point, the case dealt with a slip and fall incident on a platform which had been placed in front of rented rooms on private premises in an attempt to afford the tenants a safe passage over muddy and slushy spots caused by inadequate drainage facilities. Bates is inapplicable to the case at bar in that the accident in Bates occurred on private property and involved neither public sidewalks nor municipal property.
Plaintiff further contends that Mr. Feducia should be held liable as an abutting property owner to municipal property. Plaintiff asserts that under Shreveport City Ordinance Section 31-12, Mr. Feducia is, as an abutting property owner, under a duty to keep sidewalks, curbs, and banquettes adjoining his property in a good and safe condition. The ordinance relied upon states:
Sec. 31-12. Duty of abutting property owners to keep sidewalks, curbs and banquettes in repair; standards; lien on property if city performs work.
(a) All record owners of property abutting on the streets of the city shall keep the sidewalks, curbs and banquettes adjoining their respective property in good and safe condition, in accordance with standards to be set by the city engineer.
(b) The city engineer shall develop and publish a set of standards for keeping sidewalks, curbs and banquettes in proper repair and safe condition. Said standards shall be made available to the general public.
(c) Whenever it shall become necessary to repair or rebuild a sidewalk, banquette, or curb in the City of Shreveport in accordance with the standards as promulgated by the city engineer, the department of public works shall forward to the record owner of the property by mail or in person, a written demand requiring said record owner to repair or rebuild said sidewalk, banquette or curb in accordance with the plans and specifications of the city engineer, copy of which shall accompany said demand and *460 in the event such record owner refuses or neglects to do said work within a period of thirty (30) days from the date of said notice, the city may repair or rebuild said sidewalk, banquette or curb, advancing the cost thereof and the city shall have a special lien and privilege on said property to secure the reimbursement of the amount paid by preference and priority over and above any other claim, privilege, mortgage or encumbrance upon said property, said lien to become effective against third parties from the date of registry in the clerk of court's office of Caddo Parish, Louisiana, of an affidavit setting out the character of said work, and the cost thereof, as provided by existing lien laws.
Plaintiff's reliance on this ordinance is misplaced. As this court pointed out through then Chief Judge Bolin in Snow v. City of Shreveport, 287 So.2d 647 (La.App. 2d Cir.1973), writ denied 290 So.2d 332 and 290 So.2d 335 (La.1974), ordinances of this nature simply establish the legal relationship between the city and the adjoining property owner. They do not confer tort liability on adjoining property owners unless that property owner actually created or caused the defect involved. Of particular import is that the Snow v. City of Shreveport decision cited with approval Toppi v. Arbour, 119 So.2d 621 (La.App. 1st Cir.1960). Toppi found that an ordinance equally as specific as that at issue here failed to transfer a duty to maintain the sidewalk in a safe condition from the municipality to the adjoining landowner. The Snow court at page 650 determined that Toppi was authority for the proposition that such ordinances were
merely legislative recognition of the principal that a municipality may hold the adjoining property owner financially responsible for the cost of repairing the sidewalk but did not relieve the City of its primary obligation toward the public to maintain sidewalks in a safe condition.
Thus it is well settled that an abutting property owner is not generally responsible for repair or maintenance of public sidewalks except where the defects in the sidewalk were caused by him. Youngblood v. Newspaper Production Company, 135 So.2d 620 (La.App. 2d Cir.1961); Lanclos v. Tomlinson, 351 So.2d 1218 (La. App. 3d Cir.1977), writ denied 352 So.2d 1023 (La.1977).
There being no showing that Mr. Feducia was involved in creating or causing the offending defect, he has not breached a duty which he owed to this plaintiff. The trial court correctly found that Feducia was not liable.

PRESCRIPTION
Having concluded that the trial court correctly absolved the defendant Feducia of liability, we turn to the effect of that finding on the exception of prescription filed in this court.
The City raises the issue of prescription by a peremptory exception filed in this court which contends that Ms. Randall's amendment was not timely filed as to the City. The basis of this exception is the fact that the trial court absolved the landowner Feducia of liability. Thus, the City correctly points out that plaintiff may not rely on LSA-C.C. Arts. 3462 and 3503[1] which provide *461 that interruption of prescription against one solidary obligor interrupts as to all.
However, plaintiff Randall counters by contending that timely legal notice against the third party defendant is effective as to the original plaintiff. She argues that since defendant Feducia third partied the City within the 90-day requirement for incidental demands allowed by LSA-C.C.P. Art. 1067,[2] the City was thus put on notice of the demand and the date of her amendment should be unimportant.[3]
The issue presented is whether a third party petitionfiled more than one year after the accident but within the 90 days of Article 1067interrupts prescription as to that third party defendant so that the original plaintiff's subsequent amendment adding that party as a co-defendant is timely.
The instant accident occurred on March 13, 1983. Plaintiff, Ms. Randall, filed suit against her landlord, Tony Feducia, and his insurer on February 28, 1984. Mr. Feducia then filed a third party petition against the City of Shreveport on June 1, 1984. Ms. Randall amended her petition thereafter on August 31, 1984, to add the City as a defendant.
In support of her position, plaintiff cites State Farm Mutual Automobile Insurance Company v. Farnsworth, 425 So.2d 827 (La.App. 5th Cir.1982), writ denied 433 So.2d 150 (La.1983). The facts of that case are strikingly similar to the case at bar. State Farm, as the subrogee of its injured insurer, timely filed an action against the driver and his insurer of one of the vehicles involved in a multi-car accident on a date prior to the tolling of prescription, July 9, 1979. Just as in the instant case, another alleged tortfeasor was sued by an original defendant over one year after the accident on August 23, 1979, in a timely third party demand. Thereafter, the original plaintiff amended to join the third party defendant as an alleged tortfeasor. Just as in the instant case, the original defendant was absolved of liability and the issue was whether prescription precluded the action against the sole tortfeasor.
In Farnsworth, the court found that the filing of a timely third party action sufficiently placed the party on notice of a claim, that the subsequent amending petition of the plaintiff encompassed the same claim asserted by third party plaintiffs (and original defendants), and thus prescription had not tolled, even though the third party plaintiffs (and original defendants) were absolved of all liability. The reasoning of Farnsworth turns on the court's determination that since the third party defendant was put on notice within the 90-day period for filing an incidental demand, he should thus be rendered amenable to suit by the original plaintiff.
Plaintiff also cites Carona v. Radwin, 195 So.2d 465 (La.App. 4th Cir.1967), writ denied, 250 La. 639, 197 So.2d 897 (1967), relied on by the Farnsworth panel in reaching its result. However, Carona differs from Farnsworth in that in Carona both the original suit and the third party demand were filed well within the one year prescriptive period. The plaintiff amended to add the third party as a defendant more than one year after the accident. The court held that the third party was on sufficient notice of the pending suit within one year of the accident and thus had notice within the prescriptive period.
It should be noted that subsequent to Carona the Fourth Circuit refused to allow the interruption of prescription where a *462 third party demand was filed after the one year period had expired. Brady v. Bernard, 230 So.2d 413 (La.App. 4th Cir.1970); Ward v. Aucoin, 222 So.2d 628 (La.App. 4th Cir.1969).
In summary, the holding of Farnsworth, and the contention of the instant plaintiff, is that since the third party demand of the original defendant was filed after one year, but within the 90-day period authorized for such demands by LSA-C.C.P. Art. 1067, the subsequent demand by the original plaintiff against the third party defendant is timely.
This position has been sharply criticized by Professor Howard W. L'Enfant, Jr. in the following terms.[4]
However, since prescription does not begin to run on a claim for indemnification or contribution until the defendant is cast in judgment, a third-party demand asserting such a claim would not be barred by prescription even if filed more than ninety days after service of the principal demand. In fact, the only limitation on the filing of a third-party demand is whether the filing of that demand will adversely affect trial of the principal action; a third-party demand may be filed at any time before answer to the principal demand is filed and may be filed thereafter with the permission of the court if it will not retard the progress of the principal action. Therefore, a thirdparty demand could be filed timely long after the one-year period had expired. Under the reasoning of Farnsworth, the third-party defendant could then be joined as a codefendant by the plaintiff. This result seems to be at odds with the purpose of the prescription statutes, i.e., to protect the defendant from stale claims, and, before Farnsworth, it had been possible only under the exception for solidary obligors. [Emphasis ours.]
The reasoning of Professor L'Enfant is persuasive. We adopt it and reject Farnsworth. The defendant City received no actual or theoretical notice of the plaintiff's demands through either the plaintiff or the third party plaintiff within the one year prescriptive period. Plaintiff's action against the City is therefore untimely.
The exception of prescription filed here by the defendant City of Shreveport is sustained and the plaintiff's demands are dismissed with prejudice.
EXCEPTION SUSTAINED, DEMANDS DISMISSED.
NOTES
[1] LSA-C.C. Art. 3462 reads as follows:

Art. 3462. Interruption by filing of suit or by service of process
Prescription is interrupted when the owner commences action against the possessor, or when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.
LSA-C.C. Art. 3503 reads as follows:
Art. 3503. Solidary obligors
When prescription is interrupted against a solidary obligor, the interruption is effective against all solidary obligors and their successors.
When prescription is interrupted against a successor of a solidary obligor, the interruption is effective against other successors if the obligation is indivisible. If the obligation is divisible, the interruption is effective against other successors only for the portions for which they are bound.
Comment(s) to this article notes that it "does not change the law."
[2] LSA-C.C.P. Art. 1067 reads as follows:

Art. 1067. When prescribed incidental or third party demand is not barred
An incidental demand is not barred by prescription or peremption if it was not barred at the time the main demand was filed and is filed within ninety days of date of service of main demand or in the case of a third party defendant within ninety days from service of process of the third party demand.
[3] Feducia was served March 5, 1984, and third partied the City on June 1, 1984, within the 90 days.
[4] L'Enfant, Louisiana Civil ProcedureRecent Developments in the Law, 1982-1983, 44 La.L. Rev. 413, 415 (1983).