882 So.2d 718 (2004)
Mary GRAHAM, Plaintiff-Appellant
v.
CITY OF SHREVEPORT, Defendant-Appellee.
No. 38,953-CA.
Court of Appeal of Louisiana, Second Circuit.
September 22, 2004.
Caldwell & Caldwell, by James D. Caldwell, Tallulah, for Appellant.
Casten & Pearce, APLC, by Theodore J. Casten, Layne A. Clark, Jr., Shreveport, for Appellee.
Before STEWART, CARAWAY & PEATROSS, JJ.
PEATROSS, J.
This appeal is from a summary judgment in favor of the defendant, the City of Shreveport (the "City"), in a case where the plaintiff, Mary Graham, sought recovery for damages she allegedly sustained when she tripped on an uneven and broken concrete sidewalk on Claiborne Avenue in Shreveport, Louisiana. For the reasons set forth herein, we reverse the trial *719 court's grant of summary judgment and remand for further proceedings.

FACTS
On June 21, 2002, Ms. Graham filed suit against the City as the result of an incident allegedly occurring on June 23, 2001, at 1457 Claiborne Avenue in Shreveport, Louisiana. Ms. Graham alleged that, as she was walking on the sidewalk at that location, she tripped on uneven, broken concrete and fell, sustaining serious injuries. She alleged negligence and fault on the part of the City, including failure to properly inspect and maintain the sidewalk. She also alleged negligence and fault on the part of the Percy R. Ford Burn Foundation, Inc. (apparently located at the Claiborne Avenue address) for failure to notify the City about the sidewalk. The Percy R. Ford Burn Foundation, Inc., however, was not named as a defendant in the suit.
The City filed an answer generally denying Ms. Graham's allegations, alleging fault on Ms. Graham's part, alleging fault on the part of the Percy R. Ford Burn Foundation, Inc. and asserting that the City had no actual or constructive notice of the situation which allegedly caused Ms. Graham's injuries. In October 2002, the City filed a motion for summary judgment in which it relied on the provisions of Shreveport City Ordinance Section 78-136, which the City alleged placed the duty on owners of property abutting city streets to keep sidewalks in repair. The City argued that the responsibility fell to the abutting property owner, not the City, to maintain the sidewalk; and, therefore, the City was not liable for the accident. After the matter came on for hearing in December 2003, the trial judge granted summary judgment in favor of the City and assigned written reasons. In those reasons, the trial judge stated:
Notwithstanding the valiant opposition to the motion by plaintiff counsel, the Court concludes that under the facts and circumstances presented, the City of Shreveport, as a matter of law, has no duty under the circumstances presented in this case. As a result, it cannot be found liable for the plaintiff's injuries.
This appeal followed.

DISCUSSION
Section 78-136 of the Shreveport Code of Ordinances provides:
(a) All record owners of property abutting on the streets of the city shall keep the sidewalks, curbs, and banquettes adjoining their respective property in good and safe condition, in accordance with standards to be set by the city engineer.
(b) The city engineer shall develop and publish a set of standards for keeping sidewalks, curbs and banquettes in proper repair and safe condition. Such standards shall be made available to the general public.
(c) Whenever it shall become necessary to repair or rebuild a sidewalk, banquette, or curb in the city in accordance with the standards as promulgated by the city engineer, the department of public works shall forward to the record owner of the property, by mail or in person, a written demand requiring such record owner to repair or rebuild such sidewalk, banquette or curb in accordance with the plans and specifications of the city engineer, a copy of which shall accompany such demand and in the event such record owner refuses or neglects to do the work within a period of 30 days from the date of such notice, the city may repair or rebuilt such sidewalk, banquette, or curb, advancing the cost thereof, and the city shall have a special lien and privilege on such property to secure the reimbursement of the amount *720 paid by preference, and priority over and above any other claim, privilege, mortgage or incumbrance upon such property such lien to become effective against third parties from the date of registry in the clerk of court's office of the parish, of an affidavit setting out the character of such work, and the costs thereof, as provided by existing lien laws.
The source of Section 78-136 is Section 31-12 of the 1971 Shreveport Code of Ordinances. The wording of Section 78-136 is virtually identical to the wording of Section 31-12. In Randall v. Feducia, 499 So.2d 458 (La.App. 2d Cir.1986), aff'd, 507 So.2d 1237 (La.1987), Sharon Randall, who rented a residence in Shreveport, Louisiana, from Tony Feducia, slipped or fell at the junction of the residence's walkway and the sidewalk. The sidewalk had been added after the construction of the residence, and an 18-inch drop off was created by construction of the sidewalk where it met the pre-existing walkway. Ms. Randall contended that Mr. Feducia should be held liable as an abutting property owner to the municipal property; she asserted that, under Shreveport City Ordinance, Section 31-12, Mr. Feducia, as an abutting property owner, was under a duty to keep sidewalks, curbs and banquettes adjoining his property in a good and safe condition. This court, however, found Ms. Randall's reliance on the Shreveport ordinance to be misplaced, stating:
As this court pointed out through then Chief Judge Bolin in Snow v. City of Shreveport, 287 So.2d 647 (La.App. 2d Cir.1973), writ denied, 290 So.2d 332 and 290 So.2d 335 (La.1974), ordinances of this nature simply establish the legal relationship between the city and the adjoining property owner. They do not confer tort liability on adjoining property owners unless that property owner actually created or caused the defect involved. Of particular import is that the Snow v. City of Shreveport decision cited with approval Toppi v. Arbour, 119 So.2d 621 (La.App. 1st Cir.1960). Toppi found that an ordinance equally as specific as that at issue here failed to transfer a duty to maintain the sidewalk in a safe condition from the municipality to the adjoining landowner. The Snow court at page 650 determined that Toppi was authority for the proposition that such ordinances were merely legislative recognition of the principle that a municipality may hold the adjoining property owner financially responsible for the costs of repairing the sidewalk but did not relieve the City of its primary obligation toward the public to maintain sidewalks in a safe condition.
We also stated in Randall that it is well-settled that an abutting property owner is not generally responsible for repair or maintenance of public sidewalks except where the defects in the sidewalks were caused by said owner.
The Louisiana Supreme Court granted writs in Randall and noted that, on the issue of the landowner's liability, we had cited for authority the proposition that an abutting property owner is not generally responsible for repair or maintenance of public sidewalks, except where the defects in the sidewalk were caused by him. In affirming our decision on this point, the supreme court noted that, since the private walkway was in place when the city built the sidewalk and the manner in which the sidewalk was built created the drop off, there was no showing that Mr. Feducia was involved in creating or causing the offending defect. The supreme court, therefore, found that we had correctly concluded that Mr. Feducia did not breach a duty which he owed to the plaintiff and was not liable. Randall, supra.
*721 We further note that the fourth circuit, when faced with statutory provisions containing very similar language to that found in the Shreveport Code of Ordinances, concluded that the statutory language did not express "a true legislative intent to shift the burden for tort liability to the adjoining landowner." See Kuck v. City of New Orleans, 531 So.2d 1142 (La.App. 4th Cir.1988); See also Breaux v. G.H. Leidenheimer Co., 204 So.2d 59 (La.App. 4th Cir.1967), applications denied, 251 La. 740, 206 So.2d 92 and 251 La. 743, 206 So.2d 93 (1968), cert. denied, 393 U.S. 876, 89 S.Ct. 173, 21 L.Ed.2d 148 (1968). Simply put, Randall and its progeny have established that the burden for tort liability arising from a defect in a public sidewalk is generally with the municipality, not the adjoining landowner. Further, an abutting property owner is not generally responsible for the repair or maintenance of a public sidewalk, except where the defect in the sidewalk was caused by that landowner. See Randall, supra; Schully v. Hughes, 00-2605 (La.App. 4th Cir.6/5/02), 820 So.2d 1219 (and cases cited therein).
As previously noted, summary judgment herein was granted based on the trial court's conclusion that the city ordinance at issue placed the duty for maintaining the sidewalks on the abutting property owner and that the City, as a matter of law, had no duty under the circumstances presented in this case. For the reasons set forth in Randall, supra, and subsequent cases cited herein, we find that the trial court erred in its legal conclusion; and, thus, the trial court erred in granting summary judgment in favor of the City.

CONCLUSION
For the reasons set forth above, the trial court's grant of summary judgment is hereby reversed, and the case is remanded to the trial court for further proceedings. Costs of appeal in the amount of $168 are cast against the City of Shreveport. La. R.S. 13:5112.
REVERSED AND REMANDED.
CARAWAY, J., concurs with written reasons.
CARAWAY, J., concurring.
I respectfully concur to specifically state the City's legal duty which the trial court concluded had been transferred to the private lot owner. The record reflects that the City admitted ownership of a public right of use for the sidewalk which encumbers the property of the lot owner. This right of use of the political subdivision is ownership of a "public thing" under Civil Code Article 450. Ownership of a thing, public or otherwise, gives rise to the duty of garde under Civil Code Articles 2317 and 2317.1 and the special statute applicable to the City, La. R.S. 9:2800 C. The duty of garde of the sidewalk relates to the City's right of direction and control of the sidewalk and its duty to ensure the public's use and possession of the sidewalk. That duty was not transferred to the adjoining lot owner by the disputed ordinance. Therefore, the legal duty reflected in La. 9:2800 C and the tort analysis for public sidewalks set forth in Boyle v. Board of Sup'rs of Louisiana State Univ. and Agric. & Mechanical College, 96-1158 (La.1/14/97), 685 So.2d 1080, apply to prevent summary judgment in this case.