902 So.2d 502 (2005)
Bernice C. LEONARD and John Joseph Leonard
v.
PARISH OF JEFFERSON and Jefferson Parish Sewerage Department and Jefferson Parish Streets Department.
No. 05-CA-32.
Court of Appeal of Louisiana, Fifth Circuit.
April 26, 2005.
*503 Cheryl A. McAnespy-Smith, Harvey, LA, for Plaintiff/Appellant.
Michael F. Nolan, Connick and Connick, Metairie, LA, for Defendant/Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SUSAN M. CHEHARDY and CLARENCE E. McMANUS.
CLARENCE E. McMANUS, Judge.
Plaintiffs, Bernice C. Leonard and John Joseph Leonard, appeal from the trial court's judgment dismissing their action against defendants, Consolidated Road District A of the Parish of Jefferson, State of Louisiana and Jefferson Parish Department of Sewerage, Consolidated District No. 1 (hereinafter "Jefferson Parish").
Plaintiffs filed their petition for damages alleging that, on or about May 18, 2000, Bernice Leonard tripped and fell while walking on the sidewalk in front of her house, and that as a result she suffered a broken right thumb and other serious and painful injuries requiring medical care and surgery. The petition further alleges that the defendants knew or should have known of the defective condition of the sidewalk. The petition alleged that the cause of the accident was the fault and negligence of defendants in allowing the condition to exist, in failing to remove or repair the broken sidewalk, and in other respects to be shown at trial. Plaintiffs sought damages for injuries sustained by Mrs. Leonard, for loss of consortium by Mr. Leonard, and for attorney and expert fees.
Jefferson Parish filed for summary judgment, alleging that it was not liable because the sidewalk at issue did not contain an unreasonably dangerous defect. The trial court granted the motion for summary judgment, dismissing plaintiffs' claims with prejudice. For the reasons that follow, we affirm the decision of the trial court.
*504 Summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action; the procedure is favored and shall be construed to accomplish these ends. LSA-C.C.P. art. 966(A)(2). A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B). The initial burden of proof remains with the mover to show that no genuine issue of material fact exists. LSA-C.C.P. art. 966(C)(2). If the mover has made a prima facie showing that the motion should be granted, the burden shifts to the non-moving party to present evidence demonstrating that a material factual issue remains. The failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. Underwood v. Best Western Westbank, Inc., 04-243 (La.App. 5 Cir. 8/31/04), 881 So.2d 1271, 1274.
Summary judgments are reviewed de novo on appeal. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 750. An appellate court asks the same questions as the district court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Ocean Energy, Inc. v. Plaquemines Parish Government, 04-0066 (La.7/6/04), 880 So.2d 1, 5.
A "genuine issue" is a "triable issue." "An issue is genuine if reasonable persons could disagree. If on the state of the evidence, reasonable persons could reach only one conclusion, there is no need for a trial on that issue." Smith, 639 So.2d at 751.
LSA-C.C. art. 2317.1 provides:
The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.
This article effectively turns strict liability into negligence claims. Reitzell v. Pecanland Mall Associates, Ltd., 37,524 (La. App. 2 Cir. 8/20/03), 852 So.2d 1229, 1232.
In addition, LSA-C.C. art. 2317.1 actions require proof that the defendant had custody of the thing causing the injury, that the thing contained a defect, this is, a condition creating an unreasonable risk of harm and that the defective condition caused plaintiff's injury. Reitzell, supra, at 1232.
In her petition, plaintiff alleged that as a result of a sinking and defective sidewalk surrounding a sinking manhole. Defendants contend that the undisputed facts show that plaintiff did not trip over a manhole cover, but instead she tripped over a differential between two slabs in the sidewalk. In support of the motion for summary judgment, Jefferson Parish introduced deposition testimony of Mrs. Leonard taken on February 7, 2002, almost two years after the trip and fall, and the affidavit of Clifford Pierre, employed by the Jefferson Department of Sewerage, employed as Lines Superintendent II whose duties included site investigations. Also introduced were two photographs of *505 the portion of the sidewalk in question taken by Mr. Pierre.
In opposition to the motion for summary judgment, plaintiffs introduced the deposition testimony of Dr. Ralph Katz, as well as deposition testimony of Mrs. Leonard.
Although Mrs. Leonard alleged in her petition that she tripped over the manhole cover, she testified in her deposition that she did not trip over the manhole cover, but over a sidewalk differential in the side by side concrete slabs. Accordingly, we find no disputed issue of fact as to where Mrs. Leonard tripped.
Likewise, there is no dispute as to the condition of the sidewalk where Mrs. Leonard tripped. The height differential between the two concrete sections measured 1 to 1.3 inches, as evidenced by the photographs taken by Mr. Pierre which show both the manhole cover and the height differential between the slab on which the manhole cover is located and the adjoining slab.
The court in this case found that the sidewalk differential did not create an unreasonable risk of harm. In so doing, the court relied on Reitzell, supra, in which the court set forth a risk-utility balancing test in which the gravity and risk of harm is balanced against the individual and societal rights and obligations, the social utility, and the cost and feasibility of repair. The trial court in this case concluded that the risk of harm in this case was low. As was stated by the Reitzell court,
The courts have recognized that it is common for the surfaces of streets, sidewalks and parking lots to be irregular and that it is not the duty of the party having garde of these locations to eliminate all variations in elevations existing along the countless cracks, seams, joints and curbs. These surfaces are not required to be smooth and lacking in deviations because such a requirement would be impossible to meet.
Id. at page 1232.
The court also stated that while Mrs. Leonard had the right to expect that the sidewalks be kept in reasonably safe condition, she also had the obligation of exercising ordinary care and prudence, and that she admitted in her deposition that she was walking fast to pick up her dog and was not paying attention.
Finally, the trial court turned its attention to the social utility of a sidewalk, and to the cost or repairing the sidewalks. No evidence was offered as to the cost of repairing this single height differential. The court considered the case of Boyle v. Board of Supervisors, Louisiana State University, 96-1158 (La.1/14/97), 685 So.2d 1080, in which plaintiff tripped over a crack in the sidewalk at LSU. The Court in Boyle said that "LSU has over 22 miles of sidewalk on its campus. To police this much ground and keep it in perfect repair is beyond reasonable expectation." Id. at 1083-1084. The court in the instant case stated that "while not knowing the exact number of miles that the Parish of Jefferson is required to maintain, one can assume that it is vastly greater than the 22-25 miles located on the LSU campus." Citing Boyle, supra at 1083-1084.
Our review of this case supports the same conclusion as that reached by the trial court. Accordingly, we find no error in the trial court's ruling granting defendant's motion for summary judgment.
For the above discussed reasons, the trial court's decision granting summary judgment in favor of defendant is affirmed. Costs are assessed against appellants.
AFFIRMED.