943 So.2d 509 (2006)
David BUTKIEWICZ
v.
Warren EVANS, United Fire Group d/b/a Lafayette Insurance Company, Richard Neill, Dorothy Neill, State Farm Insurance Companies and the Department of Public Works for the City of Kenner.
No. 06-CA-236.
Court of Appeal of Louisiana, Fifth Circuit.
September 26, 2006.
*511 Gayle A. Reynolds, New Orleans, Louisiana, for Plaintiff/Appellee.
Greta L. Wilson, New Orleans, Louisiana, for Defendant/Appellant.
Panel composed of Judges WALTER J. ROTHSCHILD, FREDERICKA HOMBERG WICKER, and JAMES C. GULOTTA, Pro Tempore.
JAMES C. GULOTTA, Judge, Pro Tempore.
Defendant, the Department of Public Works for the City of Kenner (DPW), appeals from a judgment in a slip and fall matter in favor of Plaintiff, David Butkiewicz. We affirm.
On October 21, 2003, Plaintiff was walking to his rental apartment on Old Miss Drive in Kenner, Louisiana, when he tripped on a three inch vertical elevation in the concrete public sidewalk. Plaintiff fell to the ground and sustained injuries to his right shoulder, right clavicle and several ribs, one of which punctured his lung. He underwent two surgeries and physical therapy. He has permanent disabilities to his clavicle and shoulder from the fall.
Suit was filed against DPW.[1] After a judge trial in March of 2005, a judgment was rendered in Plaintiff's favor against DPW. The trial judge awarded Plaintiff $50,000 in general damages and $35,459 in medical expenses, but reduced the award by 75% for Plaintiff's comparative fault.
On appeal, Defendant asserts that the trial judge erred in finding it at fault because the uneven sidewalk was not a defective condition, and it did not create an unreasonable risk of harm. It further argues that the trial judge erred in failing to find what constituted a reasonable length of time for the Defendant to repair the sidewalk, and in failing to make a determination as to whether Defendant had ownership or custody of the sidewalk.
The evidence shows that the area of the sidewalk in question is broken and cracked in places. One section of the concrete has subsided and has pulled away from the adjacent section, causing a vertical elevation of three inches. This sudden elevation caused Plaintiff's fall. The evidence further shows that this condition existed prior to 1999 when the first complaints to Defendant are recorded. In 1999, DPW was notified of the defective sidewalk through numerous requests made by Warren and Doris Evans, adjacent homeowners. Mrs. Evans wanted the sidewalk replaced because it was "broken up" and not level. Defendant responded with letters informing them that under Defendant's long established procedures it would fix the sidewalk, but the homeowner requesting the repairs would be responsible *512 for paying for the cost of the concrete. Mr. and Mrs. Evans agreed.
Defendant then inspected and measured the area in order to estimate the concrete cost. The testimony showed that the condition of the sidewalk would have been the same between 1999 and 2003 since the soil was only slowly subsiding. A written confirmation to the Evans' was sent in 1999. No further action was taken by Defendant at that time.
In 2000, Kenner city councilman Philip Capitano discovered the problem while campaigning door to door for the City of Kenner's Mayor's office. He spoke to the Evans family about their prior efforts to have Defendant fix the sidewalk. Subsequently, Mr. Capitano became involved and there were various discussions, letters, and memoranda between the Evans family, Mr. Capitano and Defendant. In 2002, Mr. Capitano sent a personal letter request to Defendant to place the Evans' request on the sidewalk replacement list. The request was received by Defendant and documented. As a result, Defendant measured the area for the second time in 2002. Nothing was done in 2002 or 2003. Defendant finally repaired the sidewalk six months after Plaintiff's accident.
Mr. Holt Fastring, an expert in Mechanical Engineering and Safety, including the safety issues related to sidewalks reviewed the photographs taken after the accident. According to him, the three inch elevation created an "absolutely dangerous condition." Mr. Fastring pointed out that both the American Society for Testing Materials (ASTM)[2] and the American with Disabilities Act (ADA) contain guidelines for walking surfaces. Each recommends any vertical change on a walking surface over½ inch to be accessible by a ramp, or gradual gradient change to prevent stumbling or falls.
Defendant presented testimony from its expert engineer, and personnel to show that there are many uneven areas of the sidewalks in the same neighborhood, and some are in worse condition. However, Defendant's expert failed to apply any accepted standards to determine if the unevenness of the sidewalk was dangerous, and had no opinion as to how much of an abrupt change in the level of the sidewalk would be "too much."
There were no other reports of injury on the sidewalk. Mrs. Evans testified her family does not traverse that area often. Dr. Fastring added that property owners would likely be more familiar with areas adjacent to their home and conscious of any sections requiring extra care.
La.C.C. art. 2317.1 provides:
The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.
In Leonard v. Parish of Jefferson, 05-32, p. 4 (La.App. 5th Cir.4/26/05), 902 So.2d 502, 504 we noted this article effectively turns strict liability into negligence claims, citing Reitzell v. Pecanland Mall Associates, Ltd., 37,524, p. 3 (La.App. 2nd Cir.8/20/03), 852 So.2d 1229, 1232.
*513 To prevail on a claim against a public entity under C.C. art. 2317.1, a plaintiff must establish: (1) the entity's custody or ownership of the defective thing; (2) the defect created an unreasonable risk of harm; (3) the entity's actual or constructive notice of the defect; and (4) causation.[3] See, Oster v. Dep't of Transp. & Dev., State of La., 582 So.2d 1285, 1288 (La.1991); La. R.S. 9:2800; Joseph v. City of New Orleans, 02-1996, p. 3 (La.App. 4th Cir.3/5/03), 842 So.2d 420, 423.
The manifest error standard of review applies to the trial court's finding of whether a defect creates an unreasonable risk of harm. Reed v. Wal-Mart Stores, Inc., 97-1174, p. 5 (La.3/4/98), 708 So.2d 362, 365; Joseph, 02-1996 at p. 4, 842 So.2d at 423.
In determining whether a defect creates an unreasonable risk of harm, the courts use a risk-utility balancing test in which the gravity and risk of harm is balanced against the individual and societal rights and obligations, the social utility, and the cost and feasibility of repair. Leonard, 05-32 at p. 5, 902 So.2d at 504; Joseph, 02-1996 at p. 4, 842 So.2d at 423, citing Reitzell, 37,524 at pp. 3-4, 852 So.2d at 1232. See also: Boyle v. Board of Supervisors, Louisiana State University, 96-1158, p. 5 (La.1/14/97), 685 So.2d 1080, 1083.
Municipalities are not liable for every defect or irregularity in sidewalks that cause injury. Joseph, 02-1996 at p. 5, 842 So.2d at 423. The court in Reed noted:
It is common for the surfaces of streets, sidewalks, and parking lots to be irregular. It is not the duty of the party having garde of the same to eliminate all variations in elevations existing along the countless cracks, seams, joints, and curbs. These surfaces are not required to be smooth and lacking in deviations, and indeed, such a requirement would be impossible to meet. Rather, a party may only be held liable for those defects which present an unreasonable risk of harm.
Reed, 97-1174 at p. 2, 708 So.2d at 363.
CUSTODY
Defendant argues that the trial judge erred in failing to find it had custody of the sidewalk, citing the City of Kenner Ordinances.[4] We disagree. The burden for tort liability arising from a defect in a public sidewalk is generally with the municipality, not the adjoining landowner. Schully v. Hughes, 00-2605, p. 3 (La.App. 4th Cir.6/5/02), 820 So.2d 1219, 1221(and cases cited therein); Graham v. City of Shreveport, 38,953, p. 5 (La.App. 2nd Cir.9/22/04), 882 So.2d 718, 721. Further, an abutting property owner is not generally responsible for the repair or maintenance of a public sidewalk, except where the defect in the sidewalk was caused by that landowner. Schully, 00-2605 at p. 6, 820 So.2d at 1223; Graham, 38,953 at p. 5, 882 So.2d at 721. In Kuck v. City of New Orleans, 531 So.2d 1142, 1144 (La.App. 4th Cir.1988) cited by the Schully court, the Fourth Circuit noted that a statute that required that "all paved and unpaved banquettes in said City shall be kept in repair by the owners of real property fronting thereon" did not shift tort liability from the municipality to the abutting property owner.
We agree with these principals of law. Thus, we find that the trial judge did *514 not err regarding the question of garde.[5]
UNREASONABLE RISK OF HARM
In Joseph the sidewalk defect was over three inches high. The court there concluded that the trial judge was not manifestly erroneous in finding the sidewalk defect created an unreasonable risk of harm. Joseph, 02-1996 at p. 5, 842 So.2d at 425, and that it was at least, a contributing factor. In the instant case, the elevation was three inches high.
The trial judge concluded that the height of the elevation constituted a defect. He further found that it also created an unreasonable risk of harm based on the photographs and the testimony of Plaintiff's expert. He rejected Defendant's contention that the condition did not constitute an unreasonable risk of harm because other sidewalk areas in the same neighborhood were in the same or worse condition. The trial judge further rejected Defendant's argument that because there were no other reports of anyone else claiming injury from tripping on the sidewalk, and because the defect was caused by subsidence, it should be relieved of responsibility. We find no error in this regard.
NOTICE
Finally, the notice to the Defendant under C.C. art. 2317.1 was met by Plaintiff. Like the Joseph case, the dangerous condition existed for a substantial period of time before the accident (about five to ten years before the accident in Joseph and three to four years in this case.) Defendant had actual first notice of the condition starting in 1999. From 1999, Mr. and Mrs. Evans continued to pursue the issue, and a city council member became involved in 2000 and 2002 in an attempt to expedite the process. Twice Mr. and Mrs. Evans were informed that Defendant would start repairs. Twice Defendant sent workers out to measure the area. Five years elapsed before the Defendant repaired the area from the time it was notified of the problem. Under these circumstances, we conclude Defendant had ample notice. We further conclude that Defendant failed to take corrective action within a reasonable time.
Based on the evidence, we find that Plaintiff bore his burden of proof under La.C.C. art. 2317.1. We further find the trial judge was neither legally wrong nor committed manifest error in holding Defendant negligent for Plaintiff's injuries.
Accordingly, the judgment of the trial court is affirmed. The Defendant is to pay costs of the appeal in the amount of $179.00.[6]
AFFIRMED.
NOTES
[1] The Plaintiff also sued Warren Evans, Richard Neil and their insurers. The two owned homes adjacent to the area of the sidewalk at issue. Prior to trial, Mr. Evans and Mr. Neill were dismissed from the action pursuant their motions for summary judgment.
[2] The ASTM guidelines for sidewalks are provided in its Standard Practice for Safe Walking Surfaces section.
[3] Causation is not at issue here.
[4] Sections 13-52(a)(2), (a)(5)(iv), (c)(1) and (c)(2).
[5] Custody of a thing, or garde is a French concept, defined in Louisiana law as the obligation imposed by law on the proprietor of a thing, or on one who avails himself of it, to prevent it from causing damage to others; the fault of a person thus liable is based upon one's failure to prevent the person or thing from causing unreasonable injury to others. Leaman v. Continental Casualty Co., et al., 00-0292, p. 4 (La.App. 4th Cir. 9/26/01), 798 So.2d 285, 289; Zeringue v. O'Brien Transport, Inc., 05-760 (La.App. 5th Cir.4/11/06), 931 So.2d 377, 381; Doughty v. Insured Lloyds Ins. Co., 576 So.2d 461, 464 (La.1991).
[6] See: R.S. 13:5112 which requires the appellate court to assess courts against a municipality in a specific amount.