FREDERICKA HOMBERG WICKER, Judge.
| {.Plaintiff appeals the summary judgment granted in favor of defendants in a suit arising out of injuries sustained when plaintiff stepped into a grassy hole hear the street curb in front of defendants’ home. For the following reasons, we affirm the trial court judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Edward Cusimano, filed suit in the 24th Judicial District Court against the Parish of Jefferson and defendants herein, the Estate of Edward Caillouet, Kathleen Caillouet, Hope Caillouet Romig, and Heidi Caillouet and their insurer, State Farm (hereinafter- collectively “defendants”), for injuries’ he sustained ■ after stepping into a grassy hole near the street curb in front of defendants’ home.[1]
| ,;Plaintiff, a Papa John’s pizza deliverer, sustained injuries while delivering a pizza to an apartment complex across the street from defendants’ home.[2] Plaintiff parked his vehicle in front of defendants’ home, exited th.e vehicle, and walked around to the passenger side of the vehicle to remove the pizza. After he opened the passenger door, he stepped into a grassy hole near the curb, sustaining personal injuries.
Following preliminary discovery, on October 15, 2014, defendants filed a motion for summary judgment, asserting that the area upon which . plaintiff fell is public property under the control of the Parish of Jefferson and/or the City of Kenner. In support of their motion for summary judgment, defendants attached plaintiff’s deposition, at which he testified that he stepped into a hole “in the grassy patch between the sidewalk and the street” immediately adjacent.to the curb, where the curb and the grass meet. Photographs introduced, into evidence reflect that the alleged hole abuts the concrete street curb. In their memorandum in support of their motion for summary judgment, defendants cited Jefferson Parish Code of Ordinances No. 29-1, which provides that the area at issue, between the sidewalk and the street curb, is a Jefferson Parish right-of-way that is designated public property.[3] In further support of their motion for summary judgment, defendants attached the affidavits of *1166 Heidi, Hope, Ashley, and Kathleen Cail-louet, who all attested that they had no knowledge of the alleged hole and did not cause or create any alleged hole on the property.
|4In opposition to the motion for summary judgment, plaintiff argued that the Caillouet defendants owned the property at issue and had a duty to keep the premises safe from unreasonable defects under La. C.C. art. 2317.1.[4] Plaintiff attached the Act of Sale for the property and' argued that the Act of Sale' does not set forth any right of way in favor of Jefferson Parish. Plaintiff also attached defendants’ discovery responses, which indicated that defendants maintained the property at issue. The discovery responses stated that Edward Caillouet performed grass cutting to the property prior to his September, 2011 death. His wife, Kathleen Caillouet, may have performed gardening activities on the property “once or twice,” but is diabetic and unable to perform outdoor work. The responses also stated that Kathleen Caillouet’s daughter, Ashley Caillouet, lived at the property and, at times after her father passed away, cut the grass at the property. The discovery responses also reflect that, following Mr. Caillouet’s death, various individuals cut the home’s grass, including friends and neighbors. Plaintiff argued that defendants, by maintaining the grassy area, should have known of the existence of the hole at issue and, thus, should be liable for his damages.
Following a hearing, the trial judge granted summary judgment in favor of defendants, finding that plaintiff failed to meet his burden under the established jurisprudence to prove that defendants actually created or caused the defect to the property at issue. This appeal follows.

DISCUSSION

Appellate courts review the granting of a summary judgment de novo using the same criteria governing the trial court’s consideration of whether summary judgment is appropriate. Trench v. Winn-Dixie Montgomery, LLC, 14-152 (La.App. 5 Cir. 9/24/14), 150 So.3d 472; Prince v. K-Mart Corp., 01-1151 (La.App. 5 Cir. 3/26/02), 815 So.2d 245, 248; Duncan v. U.S.A.A. Ins, Co., 06-363 (La.11/29/06), 950 So.2d 544, 547. A motion for - summary judgment should be granted “if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and .that mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B)(2). The summary judgment procedure is favored, and shall be construed to secure the just, *1167 speedy, and inexpensive determination of most actions. La. C.C.P. art. 966(A)(2); Nuccio v. Robert, 99-1327 (La.App. 5 Cir. 4/25/00), 761 So.2d 84, 87, writ denied, 00-1453 (La.6/30/00), 766 So.2d 544.
The party moving for summary judgment bears the burden of proof. La. C.C.P. art. 966(C)(2). However, if the movant will not bear the burden of proof at trial, the movant’s burden on a motion for summary judgment does not require him to negate all essential elements of the adverse party’s claim, but rather to point out to the court that there is an absence of factual support for one or more elements essential tó the-adverse party’s clahh. Id.; Patrick v. Iberia Bank, 05-783 (La.App. 5 Cir. 3/14/06), 926 So.2d 632, 634. Thereafter, if the adverse party fails to produce factual support sufficient to establish that she will be able to satisfy her evidentiary burden at trial, there is no genuine issue of material fact and summary judgment should be granted. La. C.C.P. art. 966(C)(2).
Louisiana jurisprudence has established that a property owner is not generally liable for defects to public rights-of-way, such as sidewalks abutting private property, unless it is shown that the landowner caused or created’the defect. See Butkiewicz v. Evans, 06-236 (La.App. 5 Cir. 9/26/06), 943 So.2d 509, 513 finding that “the burden for tort liability arising from a defect'in a; public sidewalk is generally with the municipality, not the adjoining landowner”); Monteleon v. New Orleans, 617 So.2d 49 (La.App. 4 Cir.1993); Kuck v. New Orleans, 531 So.2d 1142, 1144 (La.App. 4 Cir.1988); Snow v. City of Shreveport, 287 So.2d 647 (La.App. 2 Cir.1973); Breaux v. G.H. Leidenheimer Co., 204 So.2d 59 (La.App. 4 Cir.1967).[5] The Louisiana Supreme Court has recently reiterated that, “[t]he burden for tort liability arising from a defect in a public sidewalk is generally with , the municipality, not the adjoining landowner, unless the abutting property owner negligently caused a defect in the sidewalk.” Bufkin v. Felipe’s La., LLC, 171 So.3d 851 (La.2014); Arata v. Orleans Capitol Stores, 219 La. 1045, 1058-60, 55 So.2d 239, 244 (La.1951).
The recent case in this Circuit, Butkiewicz v. Evans, supra, as well as all other jurisprudence cited herein, involve side: walks abutting á landowner’s property and do not''consider the property owner’s tort liability for the stretch of grass between the sidewalk and the public street. However, we find no reason to distinguish the sidewalk, a right-of-way created for the purpose of passage, from the strip of grassy land at issue, which is’designated public property and also serves as a passage for citizens., such as plaintiff in this case, to traverse between the sidewalk and the public street.
*1168 Plaintiff argues that because Jefferson Parish Ordinance No. -2⅜-143[6] requires homeowners to maintain public rights-of-way,- defendants are responsible |7for and have a duty to keep that property free of defects. The Louisiana Circuit Courts of Appeal have considered similar ordinances and found that they “merely create the legal relationship between the city and adjoining landowners; and that tort liability against the landowner results only from his actions in creating or causing a defect.” Kuck v. New Orleans, supra, citing Snow v. City of Shreveport, 287 So.2d 647 (La.App. 2 Cir.1973).
In support of their motion for summary judgment, defendants attached plaintiffs deposition testimony, which provided that the accident at issue occurred when plaintiff stepped into a grassy hole, on a parish right-of-way and designated public proper: ty. Defendants also submitted affidavits attesting that they had no knowledge of any holes on the property nor did they cause or create any alleged hole on the property at issue. In opposition to the motion for summary judgment, plaintiff attached defendants’ discovery responses indicating that two of the individual defendants residing in the home occasionally cut the grass or performed gardening activities on ,th,e ■ property. However, neither the discovery responses nor any other evidence attached to plaintiffs opposition to the motion fori summary judgment is sufficient to: prove that defendants caused or created the-alleged hole. Therefore, we find that defendants pointed out an absence*, of factual support for |sone element of plaintiffs claim, that defendants caused or created the defect at issue, and plaintiff thereafter failed to come forth with any evidence to show that he could meet his burden at.trial to prove that defendants caused or created the defect at issue.

CONCLUSION

Accordingly, we find that the trial court properly granted summary judgment in favor of defendants and we affirm the trial court judgment.

AFFIRMED

. The record reflects that Edward Caillouet died on September 20, 2011. At the time of the accident at issue, Mr. Caillouet's wife, Kathleen Caillouet, lived at the property with her daughter, Ashley Caillouet. Hope and Heidi Caillouet, however, did not reside at the residence at the time of the accident at issue but have been named in the lawsuit as Mr. Caillouet’s heirs.

, On July 12, 2013, RoHoHo, Inc., d/b/a Papa John’s, filed a petition for intervention, seeking reimbursement of $26,433.18 in workers' compensation benefits paid to plaintiff following the accident.

.Jefferson Parish Code of Ordinances, No. 29-1 defines a right of way as "the entire width of the strip or area of land between the boundary lines of every way or place of whatever nature publicly maintained and open to the use of the public for the purpose of passage.” The ordinance contains a diagram reflecting that the area between the concrete street curb and a residential sidewalk is within the Parish’s right of way. Ordinance No. 29-6 provides that "[t]he right-of-way is held by- the parish primarily for the purpose of pedestrian and vehicular passage and for the parish’s provision of essential public safety services, including police, fire and emergency medical response services, and public health *1166 services, including sanitary sewer, water and storm drainage.” The Jefferson Parish Code of Ordinances defines public property as "all property owned by the parish or under the jurisdiction of the department of public works including, but not limited to, sidewalks, parkways, rights-of-way, highways, medians, public squares, parks, as well as other public places under the jurisdiction of the parish."

. La. C.C. art, 2317.1 provides:
The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have 'known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this article shall preclude the court[5] from the application of the doctrine of res ipsa loquitur in an appropriate case.

. Plaintiff relies on Barnes v. Riverwood Apts. Partnership, 43,798 (La.App. 2 Cir. 2/4/09), 16 So.3d 361, for the position that a landowner can be held responsible for defects present on a public right-of-way. The Barnes case, however, is distinguishable. In Barnes, the lessor-apartment complex was found liable for a defect or hole in a grassy stretch of land, owned by the City, that the apartment took custody of by inviting their lessees to use the land as a dog walking area. First, the analysis in Barnes involved the strict liability of a lessor to its lessees under La. C.C. art. 2695, which only required a showing that: (1) the lessor had custody or garde over the defective thing; (2) the ■ defective thing created an unreasonable risk of harm; and (3) the defective condition caused the plaintiff-lessee's injuries. Second, the Court in Barnes found evidence, nevertheless, that the defendant-lessor's ancestors in title actually created the defect at issue by installing a drain pipe on the property which, over time, cracked and created the defective hole on the properly. We do not find Barms persuasive under the facts of this case.

. Jefferson Parish Ordinance 29rl43 provides:
It shall be the duty of all owners of property abutting streets to maintain the roadside adjacent to or upon their property. Such duty shall include but not be limited to the following:
(1) Pave, construct, install or otherwise provide sidewalks along the street side/sides of their property in accordance with the specifications and standards provided in this chapter;
(2) Maintain, pave, reconstruct, repair and keep in repair the roadside adjacent to or upon their property in accordance with the specifications and standards provided in this chapter; such duty shall include the removal of all uneven and broken sections, replacing, relaying, patching, filling to grade with approved materials, grading or making level the surface to make it uniform, and to perform any other necessary work required’to bring the sidewalk to a condition satisfactory for public use, except during a federally declared disaster, for which the department of public works shall have the duty to repair any damage caused by uprooting of a parish owned tree or trees;
(3) Provide such drainage over or under the sidewalks adjacent to or upon their property to prevent the -accumulation or standing of water on or near the sidewalks adjacent to or upon their property;
(4) Prevent the growth or accumulation of weeds, grass, dirt or other nuisances on the sidewalk and roadside adjacent to or upon their property, in accordance with the provisions of sections 19-1 through 19-18.