BARBARA VALDERY

VERSUS

STATE OF LOUISIANA, DIVISION OF
ADMINISTRATION, OFFICE OF STATE
BUILDINGS, AND THE SHAW GROUP, INC.

NO. 21-C-647

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Nancy F. Vega
Chief Deputy, Clerk of Court

December 08, 2021

Nancy F. Vega
Chief Deputy Clerk

**IN RE** STATE OF LOUISIANA, DIVISION OF ADMINISTRATION, OFFICE OF STATE BUILDINGS

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE MICHAEL P. MENTZ, DIVISION "F", NUMBER 719-193

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and John J. Molaison, Jr.

**WRIT GRANTED**

Relator/Defendant, the State of Louisiana, through the Division of Administration, Office of State Buildings ("the State"), seeks supervisory review of the trial court's July 19, 2021 denial of its Motion for Summary Judgment. Respondent/Plaintiff, Barbara Valdery, filed suit on September 8, 2012 against the State (and the later dismissed Shaw Group, Inc.) alleging injuries resulting from a fall into a hole on September 29, 2011 on a grassy area near the State's Building at 2150 Westbank Expressway in Harvey, Louisiana. In her second amended petition of April 30, 2013, the plaintiff alleged that the State failed to properly remediate the site after it was used as a "FEMA trailer group site," specifically failing to properly remove all water and/or sewage pipes and leaving some pieces of jagged pipes exposed at ground level.

The State filed a motion for summary judgment arguing that plaintiff could not establish elements of her claim under La. R.S. 9:2800 because the State did not have ownership, custody, or control over the PVC pipe alleged to cause the plaintiff's injury. The State further argued that the plaintiff cannot show that the State had notice of the defective condition, and that the plaintiff cannot show that the State knew or should have known of a dangerous condition on another individual's property.

We reviewed the judgment denying the motion for summary judgment *de novo* to determine whether there is a genuine issue as to material fact and whether the mover is entitled to judgment as a matter of law. *Smith v. Our Lady of the Lake Hosp., Inc.,* 93-2512 (La. 7/5/94), 639 So.2d 730, 750. A motion for summary judgment shall be granted if the motion, memorandum, and supporting documents

show that there is no genuine issue as to material fact. La. C.C.P. art. 966(A)(3). The party opposing summary judgment cannot rest on the mere allegations of her pleadings but must show that she has evidence that could satisfy her evidentiary burden at trial. *Mbarika v. Bd. of Sup'rs of Louisiana State Univ.*, 07-1136 (La. App. 1 Cir. 6/6/08), 992 So.2d 551, 561, *writ denied*, 08-1490 (La. 10/3/08), 992 So.2d 1019.

In order to recover under La. R.S. § 9:2800, the plaintiff must prove that: (1) the public entity had custody of the thing that caused the plaintiff's injuries or damages; (2) the thing was defective because it had a condition that created an unreasonable risk of harm; (3) the public entity had actual or constructive knowledge of the defect and did not take corrective measures within a reasonable time; and (4) the defect in the thing was a cause-in-fact of the plaintiff's injuries. *Pitre v. Jefferson Par. Hosp. Serv. Dist. No. 2*, 16-361 (La. App. 5 Cir. 12/28/16), 210 So.3d 502, 506, *writ denied*, 17-150 (La. 3/13/17), 216 So.3d 802. The State presented evidence that the property where the alleged injury occurred is located outside of the State's property line and part of Jefferson Parish's property/servitude through the affidavit of Hugh McCurdy, registered land surveyor, and a land survey he drafted of the property. The State alleged that the plaintiff cannot show that the State had notice of the defective condition, or that it knew or should have known of a dangerous condition on another individual's property.

The plaintiff failed to produce any evidence that the State possessed actual or constructive notice of the condition to be held liable under La. R.S. § 9:2800(C). The plaintiff's petition states that the State failed to inspect, and her opposition to the motion for summary judgment points to the State employee Kerry Mangin's deposition testimony that he did not inspect the area. But the Louisiana Supreme Court has held that failing to conduct inspections does not rise to the level of actual or constructive knowledge, and "[t]he absence of a plan of inspection in no way shows or implies that an employee of the appropriate public entity has actual knowledge of a dangerous defect or condition." *Jones v. Hawkins*, 98-1259 (La. 3/19/99), 731 So.2d 216, 220.

While a property owner can be found liable for defects to public rights-of-way if the owner caused or created the defect, the plaintiff must produce some type of evidence that the State created the condition. *Cusimano v. Estate of Caillouet*, 15-374, (La. App. 5 Cir. 12/23/15), 182 So.3d 1164, 1167-8. *See also Busby v. Texas Roadhouse Holdings, L.L.C.*, 3:16-CV-01467, 2019 WL 7167189, at *6 (W.D. La. Dec. 20, 2019). The only thing the plaintiff presented to show that the State created the defect was the allegation in paragraph XII of the amended petition that there was a failure to remove all water or sewage pipes/remediate the area. No evidence was submitted to substantiate that claim. Furthermore, there was no evidence to show the PVC pipe alleged to have caused the harm was related to the sewage line place by FEMA during their lease with the State or that FEMA failed to remediate the land in accordance with the State's restoration requirements four years prior to the plaintiff's alleged injury. The plaintiff failed to produce any evidence from Jefferson Parish regarding who else had been permitted to tie-in to their sewage line in those four years.

The plaintiff failed to provide evidence that the State had actual or constructive knowledge, or created, the defect or would have had notice. Despite having nine years since the filing of this action, the plaintiff failed to produce factual support sufficient to establish that she will be able to satisfy her evidentiary

burden of proof at trial.  Thus, as the plaintiff cannot prove this element of her case, we find that summary judgment was appropriate, and it is unnecessary to address the State's allegation regarding the element of their ownership, custody, or control of the property.

Accordingly, we grant the writ application of the relator, State of Louisiana, through the Division of Administration, Office of State Buildings, reverse the decision of the trial court denying its motion for summary judgment, and grant the motion for summary judgment, dismissing the claims of the respondent, Barbara Valdery.

Gretna, Louisiana, this 8th day of December, 2021.

**JJM**
**SMC**
**FHW**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **12/08/2021** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**21-C-647**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable Michael P. Mentz (DISTRICT JUDGE)
Amber M. Babin (Relator)
Wm. David Coffey (Relator)

### MAILED

Hilary G. Gaudin (Respondent)
Elizabeth M. Gaudin (Respondent)
Attorneys at Law
1088 Fourth Street
Gretna, LA 70053

Brian M. Ballay (Respondent)
Attorney at Law
201 St. Charles Avenue
Suite 3600
New Orleans, LA 70170

Thomas M. Brahney (Relator)
Assistant Attorney General
Louisiana Department of Justice
Litigation Division
1450 Poydras Street
Suite 900
New Orleans, LA 70112

12/8/2021

**SENDER: *COMPLETE THIS SECTION***

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Hilary G. Gaudin
Elizabeth M. Gaudin
Attorneys at Law
1088 Fourth Street
Gretna, LA 70053
21-C-647                    12-08-21

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

9590 9402 2434 6249 3629 59

2. Article Number *(Transfer from service label)*

7016 2070 0000 0954 6380

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*     C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:      ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

SECURITY

PS Form 3811, July 2015 PSN 7530-02-000-9053         Domestic Return Receipt

12/8/2021

**SENDER:** *COMPLETE THIS SECTION*

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Diane Blakeman_
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*
D.Blakeman

C. Date of Delivery

1. Article Addressed to:

Thomas M. Brahney, A.A.G.
Louisiana Department of Justice
Litigation Division
1450 Poydras Street, Suite 900
New Orleans, LA 70112
21-C-647          12-08-21

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:     ☐ No

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

9590 9402 2434 6249 3629 73

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number *(Transfer from service label)*

7016 2070 0000 0954 6366

PS Form **3811**, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt

12/8/2021

**SENDER:** *COMPLETE THIS SECTION*

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Brian M. Ballay
Attorney at Law
201 St. Charles Avenue
Suite 3600
New Orleans, LA 70170
21-C-647                    12-08-21

|||||||||||||||||||||||||||||||||||||||||||||||||
9590 9402 2434 6249 3629 66

2. Article Number *(Transfer from service label)*

7016 2070 0000 0954 6373

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X ☐ Agent
☐ Addressee

B. Received by *(Printed Name)*       C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:    ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                    Domestic Return Receipt